◼ WILLIAM A. OSNATO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Respondent, and PENTA CONSTRUCTION CORPORATION/EUGENE GOLDMAN, INC., Respondent. YONKERS CONTRACTING COMPANY, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Huttner, J.), entered May 31, 1989, which, upon a jury verdict, is in favor of the defendants and against him on the issue of liability.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff William Osnato was injured on June 26, 1984, when a pavement breaker he was operating struck his left foot. At the time of the accident, Osnato was employed by the third-party defendant Yonkers Contracting Company, Inc. (hereinafter Yonkers Contracting), a subcontractor hired by

the general contractor, the defendant Penta Construction Corporation/Eugene Goldman, Inc. (hereinafter Penta). Penta had entered into a contract with the defendant New York City Transit Authority (hereinafter the Transit Authority) to renovate and rehabilitate a railroad yard located at 207th Street in Manhattan. Yonkers Contracting was to perform the excavation work associated with the placement of bents to accommodate an off-ramp for an elevated subway line.

Osnato was excavating a location near the railroad track known as Bent # 7. Since Bent # 7 was the closest of the bents to the third rail, a "protective device" was installed to cover the side of the third rail adjacent to where Osnato was working. Osnato's accident occurred as he was using his left foot to guide the pavement breaker into a natural crevice in the rock of the hill. When the crevice started to widen, the pavement breaker went down into the crack and began to straighten up, allegedly pulling Osnato and the pavement breaker towards the third rail. When Osnato started to pull the pavement breaker backwards to avoid the third rail, the rock that Osnato was chipping broke, causing the pavement breaker to come down and strike his left foot.

A jury trial in this case was held to determine the issue of the defendants' liability to Osnato. The jury found that the Transit Authority, Penta, and Yonkers Contracting had not violated Labor Law § 241 (6) and that Yonkers Contracting and Penta were not negligent. The jury found that it was unnecessary to determine if the Transit Authority was negligent since it found that the Transit Authority did not approve the protective device allegedly used on the third rail.

On appeal, Osnato argues that the trial court erred in failing to charge Labor Law §§ 200 and 240 (1) as well as provisions of the New York State Industrial Code (12 NYCRR 23-1.4, 23-1.11, and 23-1.13). Insofar as Osnato failed to except to the trial court's refusal to charge Labor Law § 200, his argument is unpreserved for appellate review (see, Rossetti v Campanella, 118 AD2d 552; Burgess v DeAngelis, 135 AD2d 679). In any event, since Labor Law § 200 is a codification of common-law negligence principles (see, Allen v Cloutier Constr. Corp., 44 NY2d 290; Rimoldi v Schanzer, 147 AD2d 541), the trial court's lengthy charge on negligence was sufficient to encompass the defendants' liability under that section. Since Osnato failed to establish that he was injured as a result of the risk of falling or being hit by a falling object from an elevated height, the trial court did not err in failing to charge Labor Law § 240 (1) (see, Santos v Sure Iron Works,

166 AD2d 571). Under the circumstances of this case the trial court's refusal to charge certain provisions of the New York State Industrial Code does not warrant reversal *(cf., Sweeting v Board of Coop. Educ. Servs.,* 83 AD2d 103, 110-111). It is clear that 12 NYCRR 23-1.4 and 23-1.11 are inapplicable to the facts of this case. Although 12 NYCRR 23-1.13 does relate to the duty of an employer to protect workers against injury from electric shock by de-energizing exposed electrical circuits during the course of the work, or by providing effective insulation of such circuits, or by guarding them by other means, the court's charge contained other instructions to the jury on this issue. Under the circumstances, the trial court's failure to charge 12 NYCRR 23-1.13 was, at most, harmless error.

During the trial on the issue of liability, Osnato was asked on cross-examination whether he had worked since the accident. His counsel objected, but the court ruled that it would allow the question on the issue of credibility. Osnato testified that he had not worked since the accident. He subsequently testified on redirect examination that he did not work after the accident, and offered photographs into evidence which he alleged would back up his claim. The trial court did not err, under these circumstances, in allowing the defendants to introduce the testimony of an investigator to prove that Osnato worked after the accident. While a cross-examiner is bound by the answers of a witness to questions concerning collateral matters inquired into solely to affect credibility *(People v Pavao,* 59 NY2d 282), Osnato's subsequent testimony on redirect opened the door to the issue of his employment after the accident *(see, People v Leonardo,* 199 NY 432; *Halloran v Virginia Chems.,* 41 NY2d 386, citing *People v Leonardo, supra).* Not only did Osnato take the witness stand and reiterate that he had not worked after the accident, but he introduced photographs into evidence to prove the issue.

We have considered Osnato's other contentions and find them to be without merit. Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.