■ Dean E. Kerr et al., Respondents, v Black Clawson Company et al., Defendants and Third-Party Plaintiffs-Respondents. Newton Falls, Inc., Formerly Known as Stora Newton Falls, Inc., et al., Third-Party Defendant-Appellant. [663 NYS2d 1010] —Mercure, J. Appeal from an order of the Supreme Court (Demarest, J.), entered December 17, 1996 in St. Lawrence County, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

In August 1994, while operating a paper machine winder as an employee of third-party defendant, plaintiff Dean E. Kerr sustained various injuries to his right forearm and wrist when his arm became caught in the machine. Kerr and his wife commenced this action against defendant Black Clawson Converting Machinery Corporation, the manufacturer and distributor of the paper machine winder, and defendant Black Clawson Company, the owner of Black Clawson Converting Machinery Corporation, seeking damages for strict products liability by reason of defective design, negligence, breach of express and implied warranties and loss of consortium.

In January 1996, defendants commenced a third-party action against third-party defendant for common-law contribution and/or indemnification based on third-party defendant's alleged negligence in, *inter alia*, modifying and redesigning the machine. Thereafter, Workers' Compensation Law § 11 was amended by the Omnibus Workers' Compensation Reform Act of 1996 (L 1996, ch 635 [eff Sept. 10, 1996] [hereinafter the Omnibus Act]) which eliminated, except in cases of "grave injury"—a statutorily defined threshold for catastrophic injuries (*see*, L 1996, ch 635, § 2)—an employer's liability "for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment" (Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2). Third-party defendant moved for summary judgment dismissing the third-party complaint as barred by the Omnibus Act. Supreme Court denied the motion and this appeal by third-party defendant ensued.

We affirm. In view of our determination in *Majewski v Broadalbin-Perth Cent. School Dist.* (231 AD2d 102 [decided herewith]) that the amendment to Workers' Compensation Law § 11 effected by section 2 of the Omnibus Act does not apply to actions pending on September 10, 1996, third-party defendant's

summary judgment motion was properly denied. Under the circumstances, we have no occasion to consider whether Kerr sustained a "grave injury" (L 1996, ch 635, § 2).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.