■ JOSEPH FRUMUSA et al., Appellants, v P. J. WEYER CONSTRUCTION, INC., et al., Respondents. (And Third-Party Actions.) [666 NYS2d 210] —In an action to recover damages for

personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Seidell, J.), entered July 30, 1996, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants on the issue of liability, and (2) a judgment of the same court, entered September 23, 1996, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiffs' contention that the Supreme Court erroneously failed to charge the jury under Labor Law § 200 with respect to the defendants' general contractor P. J. Weyer Construction, Inc. (hereinafter P. J. Weyer) and its subcontractor R.J.C. Ceiling, Inc. (hereinafter R.J.C. Ceiling) is unpreserved for appellate review because the plaintiffs failed to request a charge in that regard or take exception to the charge as delivered (*see,* CPLR 4110-b; *De Long v County of Erie,* 60 NY2d 296; *Morrissey v City of New York,* 221 AD2d 607; *Rossetti v Campanella,* 118 AD2d 552). In any event, since Labor Law § 200 is a codification of common-law negligence principles concerning the duty imposed upon an owner or general contractor to provide workers with a safe work environment (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876), it was not applicable to R.J.C. Ceiling, the subcontractor. Furthermore, the court's lengthy charge on negligence in this case was adequate to encompass P. J. Weyer's liability under Labor Law § 200 (*see, Osnato v New York City Tr. Auth.,* 172 AD2d 597).

The court correctly denied the plaintiffs' motion to set aside the verdict under CPLR 4404. The record reveals that the jury could have reached its determination upon a fair interpretation of the evidence presented with consideration given to the credibility of the witnesses and the drawing of reasonable inferences (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129; *Pomaro v McKeon,* 228 AD2d 572; *Harris v Armstrong,* 97 AD2d 947, *affd* 64 NY2d 700).

The plaintiffs' remaining contentions, raised for the first

time on appeal, are not properly before this Court. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.