OPINION OF THE COURT
Frank A. Sedita, Jr., J.
Plaintiff herein was injured on July 11, 1996 while working for his employer Amherst Acoustical, Inc. The accident took place on the property of defendant Millard Fillmore Health Systems, Inc. Defendant Lamparelli Construction, Inc. (hereinafter Lamparelli) was the general contractor. Plaintiff commenced this lawsuit on July 29, 1997. The third-party ac *102 tion against Amherst Acoustical, Inc., was commenced on November 13, 1997.
The third-party defendant now seeks dismissal of the third-party claim. It asserts that the reforms in the Workers’ Compensation Law (Omnibus Workers’ Compensation Reform Act of 1996 [Act], L 1996, ch 635, § 2), which were signed into law on September 10, 1996 to “take effect immediately” (L 1996, ch 635, § 90), require dismissal of this third-party action. Additionally, the defendants and third-party plaintiffs note the holding of our Court of Appeals in Majewski v Broadalbin-Perth Cent. School Dist. (91 NY2d 577 [1998]) which held that the Act was to be applied “prospectively” (at 581).
In Majewski (supra), both the accident and the commencement of the lawsuit took place prior to the new legislation. Defendants and third-party plaintiffs argue that although this lawsuit was commenced after the operative date of the legislation (Sept. 19, 1996), the accident took place prior to the operative date of the new law, and should not be affected by the new law.
Stated more succinctly, the issue before this court is whether or not a third-party suit against an employer based upon an accident prior to the effective date of the new law, but commenced after that date (Sept. 10, 1996), must be dismissed upon proper application. We have found no appellate decision on these unique facts.
At the heart of the argument before this court are the strong countervailing presentations of excerpts from the legislative proceedings (which seem to indicate an intention to utilize the date of the accident as an operative date), and language from the Court of Appeals decision in Majewski (supra) which states in relevant part: “We conclude that, irrespective of the date of the accident, a prospective application of the subject legislation to actions by employees for on-the-job injuries against third parties filed after thé effective date of the relevant provisions is eminently consistent with the over-all and specific legislative goals behind passage of the Act” (91 NY2d, at 590 [emphasis supplied]). While the third-party defendant makes a strong case from legislative excerpts, we are faced with a very recent and crystal clear direction from the highest Court in our State. While the language of the Court might technically be classified as “dicta” it is also clear that the Court also reviewed the legislative history and endeavored to establish a clear “bright line” guide for lower courts to follow.
With a lawsuit commencement date subsequent to the date *103 of the new law, the “bright line” clearly drawn by our Court of Appeals has been crossed, and this third-party action must be dismissed.