■ ERIC D. HILBERT, Plaintiff, v SAHLEN PACKING COMPANY, Defendant and Third-Party Plaintiff-Appellant. NIAGARA MOHAWK POWER CORPORATION, Third-Party Defendant-Respondent. (Appeal No. 1.) [701 NYS2d 564] —Order unanimously affirmed with costs. Memorandum: Plaintiff sustained personal injuries when he was catapulted out of a bucket truck while attempting to remove a utility pole. Plaintiff commenced an action against defendant, Sahlen Packing Company (Sahlen), the owner of the premises, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). Sahlen impleaded Niagara Mohawk Power Corporation (Niagara Mohawk), plaintiff's employer. Sahlen appeals from an order granting the motion of Niagara Mohawk for summary judgment dismissing the third-party complaint based on the 1996 amendments to Workers' Compensation Law § 11 (L 1996, ch 635) restricting the availability of contribution in certain circumstances. Sahlen contends that the third-party complaint should be reinstated because the amendments violate due process, effect an unfair taking, and impair the obligation of contracts. Alternatively, Sahlen contends that the amendments should not be applied retroactively to plaintiff's accident and that there is a triable issue of fact concerning whether plaintiff sustained a grave injury.

Niagara Mohawk's motion was properly granted. Submissions before Supreme Court, including photographs of plaintiff's face, demonstrate as a matter of law that plaintiff did not sustain "permanent and severe facial disfigurement" (Workers' Compensation Law § 11), and Sahlen failed to raise a triable issue of fact on grave injury. We note that plaintiff's alleged internal injuries are not included within the statute's highly restrictive definition of " 'grave injury' ", nor are plaintiff's alleged fractures and non-total loss of hearing and vision (Workers' Compensation Law § 11; *see generally, Fichter v*

*Smith*, 259 AD2d 1023, *lv dismissed in part and denied in part* 93 NY2d 994). With regard to Sahlen's contention that the amendments should not be applied retroactively, we note that plaintiff was injured on September 11, 1996, the day after the amendments became effective (*see,* L 1996, ch 635, § 90), and that, in any event, the relevant inquiry is the date of commencement of the action (here, March 1997), not the date of the accident (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 590).

We have considered Sahlen's constitutional challenges to the 1996 amendments and conclude that they are without merit (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 169 Misc 2d 429, 431-432, *revd on other grounds* 231 AD2d 102, 111, *affd* 91 NY2d 577, *supra; Massella v Partners Indus. Prods.,* 171 Misc 2d 812, 818, *revd on other grounds* 242 AD2d 870). It is no more unconstitutional for the Legislature to prohibit some third-party claims against injured workers' employers than it is for the Legislature to have completely prohibited direct claims by an injured worker against his own employer (*see, New York Cent. R. R. Co. v White,* 243 US 188, 197-202; *Cifolo v General Elec. Co.,* 305 NY 209, 214-215, *cert denied* 346 US 874; *see generally, Crosby v State of New York, Workers' Compensation Bd.,* 57 NY2d 305, 310-311). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Pigott, Jr., and Callahan, JJ.