■ VIRGINIA MATOS et al., Appellants, v LEON GOLDSTEIN et al., Respondents. [705 NYS2d 252] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Rappaport, J.), entered October 22, 1998, which, upon a jury verdict and the denial of their posttrial motion pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law or a new trial, is in favor of the defendants and against them.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiffs' contention on appeal, the jury verdict was not against the weight of the evidence (*see, Gomez v Park Donuts,* 249 AD2d 266; *Miglino v Supermarkets Gen. Corp.,* 243 AD2d 451; *Nicastro v Park,* 113 AD2d 129).

The plaintiffs' remaining contentions are without merit. Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.

■ RICHARD MIROE et al., Respondents, v TED MIROE, Defendant and Third-Party Plaintiff-Appellant. NEWSDAY, INC., Third-Party Defendant-Appellant. [705 NYS2d 62] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (De-Maro, J.), dated April 22, 1999, as denied his cross motion for summary judgment dismissing the complaint, and the third-party defendant separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motion and cross motion are granted, and the complaint and the third-party complaint are dismissed.

One who has received workers' compensation benefits is barred from commencing an action against a fellow employee who was acting within the scope of his or her employment at the time of the injury (*see,* Workers' Compensation Law § 29 [6]; *Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 543). As the defendant was acting within the scope of his employment at the time of the accident (*see, Matter of Husted v Seneca Steel Serv.,* 41 NY2d 140), the plaintiffs' action is barred, and the third-party action for contribution and indemnification becomes academic. In any event, the third-party action should have been dismissed as the injured plaintiff did not suffer a "grave injury" (Workers' Compensation Law § 11). Santucci, J. P., Krausman, Florio and Schmidt, JJ., concur.