[707 NYS2d 208]

ROMAN IBARRA, Plaintiff, v EQUIPMENT CONTROL, INC., Defendant and Third-Party Plaintiff-Respondent. ATLANTIC WASTE DISPOSAL, INC., Third-Party Defendant-Appellant; EMPIRE STATE RECYCLING CORPORATION, Third-Party Defendant-Respondent.

Second Department, May 8, 2000

## APPEARANCES OF COUNSEL

*Jacobowitz, Garfinkel & Lesman,* New York City (*Fiedelman & McGaw [James K. O'Sullivan]* of counsel), for third-party defendant-appellant.

*Lewis, Johs, Avallone, Aviles & Kaufman* (*John M. Denby* of counsel), East Setauket, for defendant and third-party plaintiff-respondent.

*Lester Schwab Katz & Dwyer, L. L. P.,* New York City (*Annette G. Hasapidis* and *Steven B. Prystowsky* of counsel), for third-party defendant-respondent.

## OPINION OF THE COURT

SULLIVAN, J. P.

On the instant appeal, we must determine whether the 1996 amendment to section 11 of the Workers' Compensation Law, which became effective on September 10, 1996, is applicable to the common-law contribution and indemnification claims asserted against Atlantic Waste Disposal, Inc. (hereinafter Atlantic), and involving work-related injuries suffered by an employee of Atlantic prior to the effective date of the amendment. If applicable, we must also determine whether pursuant to that statute, as amended, which restricts common-law contribution and indemnity claims against employers to cases involving "grave" injuries, Atlantic is entitled to summary judgment dismissing those claims.

On July 5, 1996, the plaintiff Roman Ibarra (hereinafter the plaintiff), an employee of Atlantic, was injured, during the course of his employment, by a bailing machine manufactured by Equipment Control, Inc. (hereinafter Equipment). As a result, the plaintiff interposed a workers' compensation claim. On March 3, 1997, the plaintiff commenced this action asserting negligence, strict product liability, and breach of warranty claims against Equipment. Thereafter, on April 25, 1997,

Equipment commenced a third-party action against Atlantic and Empire State Recycling Corporation (hereinafter Empire), the distributor of the bailing machine, for common-law contribution and indemnification. In turn, Empire asserted a cross claim for contribution and indemnification against Atlantic. However, as an affirmative defense, Atlantic asserted that, pursuant to Workers' Compensation Law § 11, as amended, it could not be held liable for contribution or indemnification.

In moving for summary judgment, Atlantic also argued that pursuant to Workers' Compensation Law § 11, as amended, which it claimed was applicable to this case where both the main action and the third-party action were commenced after its effective date, it could not be held to answer for contribution or indemnification. Specifically, it argued that the amended statute now restricted its liability for common-law contribution and indemnification to cases involving a "grave injury," as that term is narrowly defined in the statute. In support of its contention that the plaintiff did not suffer a "grave injury," Atlantic attached to its motion the plaintiff's bill of particulars.

In opposing Atlantic's motion, however, Equipment and Empire maintained that Workers' Compensation Law § 11, as amended, was not applicable here since the plaintiff's accident predated its effective date. Moreover, they argued that even if the amended statute were applicable, Atlantic was not entitled to summary judgment inasmuch as there were triable issues of fact as to whether the plaintiff's injuries were "grave."

The Supreme Court denied Atlantic's motion for summary judgment without reaching the question of whether Workers' Compensation Law § 11, as amended, was applicable. In short, it concluded that since the plaintiff had indeed suffered a "grave" injury, Atlantic remained liable for contribution even if Workers' Compensation Law § 11, as amended, applied. We reverse.

Section 2 of the Omnibus Workers' Compensation Reform Act (hereinafter the Act), enacted on September 10, 1996, amended Workers' Compensation Law § 11 (*see,* L 1996, ch 635, § 2) by restricting third-party contribution claims against employers. Prior to the amendment, pursuant to *Dole v Dow Chem. Co.* (30 NY2d 143), those claims were permitted even though direct actions against employers were barred by the exclusivity provisions of the Workers' Compensation Law (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *see also, Kline v E.I. DuPont De Nemours & Co.,* 15 F Supp 2d

299). The Act was said to "[restore] the basis of the bargain between business and labor—that workers obtain necessary medical care benefits and compensation for workplace injuries regardless of fault while employers obtain a degree of economic protection from devastating lawsuits" (Governor's Mem approving L 1996, ch 635, 1996 McKinney's Session Laws of NY, at 1912-1913). Workers' Compensation Law § 11, as amended, reads, in pertinent part, as follows: "An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment for such employer unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury' which shall mean only one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability."

We initially find that Workers' Compensation Law § 11, as amended, is applicable in this case where the main action, that is, the plaintiff's action against Equipment, was commenced after its effective date. In *Majewski v Broadalbin-Perth Cent. School Dist.* (91 NY2d 577, *supra*), the Court of Appeals held that the amended statute is to be applied prospectively to cases in which the main action is instituted after September 10, 1996 (*see, Smith v Xaverian High School,* 270 AD2d 246; *Browning v County Fence Co.,* 259 AD2d 578; *Esposito v Iko Excavation,* 258 AD2d 555).

Importantly, in *Majewski (supra),* the Court of Appeals specifically rejected Equipment's present claim that the amended statute should not be applied where, as here, the employee plaintiff is injured before its effective date. The Court of Appeals concluded that "irrespective of the date of the accident, a prospective application of the subject legislation to actions by employees for on-the-job injuries against third parties filed after the effective date of the relevant provisions is eminently consistent with the over-all and specific legislative goals behind passage of the Act." (*Supra*, at 590.) Further, Equipment's argument that the Court of Appeals phrase "irrespective of the date of the accident" is mere dicta which should not be followed is not persuasive (*see, Hilbert v Sahlen Packing Co.,* 267

AD2d 939; *Bartek v Murphy*, 266 AD2d 865; *Bach v Fillmore Health Sys.*, 179 Misc 2d 101; *see also, Kline v E.I. DuPont De Nemours & Co.*, 15 F Supp 2d 299, *supra*).

 We also find that pursuant to Workers' Compensation Law § 11, as amended, Atlantic is entitled to summary judgment. We disagree with Equipment's argument that Atlantic had the initial burden of showing, by evidentiary proof, that the plaintiff did not suffer a "grave injury," and that since Atlantic failed to do so, the burden of proof did not shift to Equipment or Empire to demonstrate the existence of a "grave injury."

The Legislature, in amending Workers' Compensation Law § 11, specifically determined that an employer will not be held liable for contribution or indemnification to any third person "unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury.'" Thus, it is clear that the burden falls on the third party seeking contribution or indemnification against an employer to establish a "grave injury." Admittedly, as Equipment correctly notes, a party seeking summary judgment must initially show a lack of triable issues of fact and it is only then that the burden shifts to the party opposing the motion. However, in cases involving Workers' Compensation Law § 11, as amended, the third party opposing the motion for summary judgment and seeking contribution or indemnification against an employer bears the ultimate burden of showing a "grave injury." At the very least, it must demonstrate the existence of a question of fact in this regard. This burden is not dependent on whether the party moving for summary judgment made a sufficient prima facie case as to the absence of a "grave injury." To the extent that *Harris v Metropolitan Life Ins. Co.* (183 Misc 2d 431) holds otherwise, we find it unpersuasive.

Indeed, we note that generally, a third-party plaintiff such as Equipment is in possession of medical evidence disclosed in connection with the main action asserted against it. Moreover, in cases where medical evidence has not yet been obtained, this would only serve as a basis for the denial of an employer's motion for summary judgment with leave to renew.

Accordingly, the burden fell on Equipment and Empire to demonstrate a "grave injury" justifying their contribution and indemnification claims against Atlantic. They failed to meet this burden.

The term "grave injury" has been defined as a "statutorily defined threshold for catastrophic injuries" (*Kerr v Black Claw-*

*son Co.,* 241 AD2d 686), and includes only those injuries which are listed in the statute and determined to be permanent (*see,* Minkowitz, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 11, 2000 Pocket Part, at 46-47). The list "is exhaustive, not illustrative" (Governor's Mem approving L 1996, ch 635, 1996 McKinney's Session Laws of NY, at 1913).

The plaintiff's bill of particulars states the plaintiff's injuries to be "loss of use and function of the right eye," "loss of vision in the right eye," and "[c]hronic and continual pain, dryness, and loss of vision in the right eye." These injuries are not listed in the amended statute. While Workers' Compensation Law § 11, as amended, does list "total and permanent blindness," the plaintiff's loss of vision in only one eye, even if total, does not constitute "total and permanent blindness." In short, the phrase must be construed to mean blindness in both eyes. This conclusion is supported by the fact that the statute also lists "total loss of use *or amputation of an arm, leg, hand or foot.*" Therefore, had the Legislature intended to include loss of vision in only one eye, it would have so stated.

In conclusion, Atlantic is entitled to summary judgment dismissing all claims and cross claims asserted against it. Pursuant to Workers' Compensation Law § 11, as amended, the plaintiff did not, as a matter of law, suffer a "grave injury" (*see, Hilbert v Sahlen Packing Co., supra; see also, Brownstein v LeCroy Corp.,* 178 Misc 2d 197). Therefore, the order is reversed, on the law, Atlantic's motion is granted, the third-party complaint and all cross claims are dismissed insofar as asserted against Atlantic, and the third-party action against the remaining third-party defendant is severed.

LUCIANO, H. MILLER and FEUERSTEIN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the third-party complaint and all cross claims are dismissed insofar as asserted against the appellant, and the third-party action against the remaining third-party defendant is severed.