■ WALDO SOTO et al., Plaintiffs, v ALERT No. 1 ALARM SYSTEMS, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. GRACIE SQUARE RIVER CORP., Third-Party Defendant-Appellant. [707 NYS2d 507] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated September 13, 1999, which denied its motion for summary judgment dismissing the third-party complaint, and granted the cross motion of the defendant

third-party plaintiffs for conditional summary judgment on the issues of contractual indemnification and an award of an attorney's fee in the event of the entry of a judgment awarding damages in favor of the plaintiffs and against the defendant third-party plaintiff.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the defendant third-party plaintiff's claim for common-law indemnification, and substituting therefor a provision granting that branch of the motion and dismissing that claim for common-law indemnification, and (2) deleting the provision thereof granting the cross motion for conditional summary judgment on the issue of contractual indemnification and an award of an attorney's fee, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the appellant.

On June 12, 1992, the defendant third-party plaintiff Alert No. 1 Alarm Systems, Inc. (hereinafter Alert), entered into an agreement to install and maintain an alarm system at premises owned by the third-party defendant Gracie Square River Corp. (hereinafter Gracie Square). Alert claims that pursuant to this agreement, it was also required to install and maintain an "automatic hydraulic gate opening system" at the premises. An indemnification clause included in the contract required Gracie Square to indemnify Alert against "all claims" alleged to have been caused by Alert's "performance or failure to perform its obligations under this agreement".

In April 1995, Gracie Square employee Waldo Soto was injured when the automatic gate allegedly closed on his hand. After the accident, Soto and his wife commenced this personal injury against Alert, alleging that it negligently installed, operated, and maintained the gate. Alert then commenced a third-party action against Gracie Square, seeking both common-law and contractual indemnification. Gracie Square subsequently moved for summary judgment, contending that the third-party action was barred by Workers' Compensation Law § 11, because Soto had not suffered a "grave injury", and the indemnification clause of the agreement was unenforceable. Alert then cross-moved for conditional summary judgment on its contractual indemnification claim, and the Supreme Court granted its cross motion, finding that the indemnification clause encompassed the plaintiffs' allegations that Alert had negligently installed, operated, and maintained the gate.

On appeal, Gracie Square contends that the Supreme Court erred in awarding Alert conditional summary judgment on its

contractual indemnification claim. We agree. In 1996, Workers' Compensation Law § 11 was amended to eliminate, except in cases of "grave injury", an employer's liability "for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment" (*see, Morales v Gross,* 230 AD2d 7, 9; *see also,* Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2). Although the amendment of section 11 did not affect the power of a third party to recover under express contractual obligations between the employer and the third party (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 582), here issues of fact exist regarding how Soto's accident occurred, and whether Alert was contractually obligated to maintain the gate-opening system. Under these circumstances, it cannot be said, as a matter of law, that the plaintiffs' suit arises from Alert's "performance or failure to perform its obligations under this agreement", or that the plaintiffs' claim is within the intended scope of the indemnification clause (*see, Acosta v Green Mgt. Corp.,* 267 AD2d 67; *see also, Zgoba v Easy Shopping Corp.,* 246 AD2d 539).

Since it is undisputed that Soto did not suffer a "grave injury" within the meaning of Workers' Compensation Law § 11, the Supreme Court should have granted that branch of Gracie Square's motion for summary judgment which sought dismissal of Alert's common-law indemnification claim (*see, Ibarra v Equipment Control,* 268 AD2d 13). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.