■ THOMAS BARDOUILLE et al., Appellants, v STRUCTURE-TONE, INC., et al., Defendants and Third-Party Plaintiffs-Respondents, and TISHMAN SPEYER TRAMMEL CROW LIMITED PARTNERSHIP et al., Respondents. OHM ELECTRIC, Third-Party Defendant-Respondent. [724 NYS2d 751] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated October 25, 1999, as granted those branches of the separate motions of the defendants Structure-Tone, Inc., and Deutsche Bank, and the defendants Tishman Speyer Trammell Crow Limited Partnership, Tishman Speyer Properties, Inc., Vince Pate, James Pisano, and John T. Karnath, which were for summary judgment dismissing the complaint insofar as asserted against them, and upon, in effect, searching the record, granted summary judgment dismissing the complaint insofar as asserted against the defendant Coopers & Lybrand, and (2) an order of the same court, dated March 14, 2000, which denied their motion, denominated as one for leave to renew and reargue, but which was, in effect, a motion for leave to reargue.

Ordered that the appeal from the order dated March 14, 2000, is dismissed, without costs or disbursements, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated October 25, 1999, is modified by deleting the provisions thereof (1) granting that branch of the motion of the defendants Structure-Tone, Inc., and Deutsche Bank which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against them, and substituting therefor a provision denying that branch of the motion, (2) granting that branch of the motion of the defendants Tishman Speyer Trammell Crow Limited Partnership, Tishman Speyer Properties, Inc., Vince Pate, James Pisano, and John T. Karnath which was for summary judgment dismissing the complaint insofar as asserted against Tishman Speyer Trammell Crow Limited Partnership and Tishman Speyer Properties, Inc., and substituting therefor a provision denying that branch of the motion, and (3) denying

as academic the motion of the third-party defendant Ohm Electric for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting that branch of the motion which was for summary judgment dismissing the third and fourth causes of action in the third-party complaint and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Thomas Bardouille was allegedly injured in an explosion in an electrical closet where he was working. He and his wife commenced this action asserting causes of action based on Labor Law §§ 200 and 241 (6) and common-law negligence against the building owner, Tishman Speyer Trammell Crow Limited Partnership, and managing agent, Tishman Speyer Properties, Inc. (hereinafter the Tishman defendants), as well as the tenant, Coopers & Lybrand (hereinafter Coopers), the subtenant, Deutsche Bank, the general contractor for the construction project, Structure-Tone, Inc. (hereinafter Structure-Tone), and individuals employed by the Tishman defendants. Structure-Tone and Deutsche Bank, in turn, commenced a third-party action against Bardouille's employer, Ohm Electric (hereinafter Ohm). The Supreme Court dismissed the entire complaint and denied as academic Ohm's motion for summary judgment dismissing the third-party complaint.

Contrary to the conclusion reached by the Supreme Court, there is a triable issue of fact as to whether the Tishman defendants exercised sufficient direction and control over the performance of the work to impose liability under Labor Law § 200 (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494). There are also triable issues of fact regarding notice and proximate cause. Consequently, the Supreme Court erred in dismissing the plaintiffs' causes of action based on Labor Law § 200 and common-law negligence insofar as asserted against the Tishman defendants.

The Supreme Court also erred in determining that Industrial Code regulation 12 NYCRR 23-1.13 (b) (4) was inapplicable, as that regulation is not limited to incidents concerning actual contact with energized circuits (see, Finch, Pruyn & Co. v Wilson Control Servs., 239 AD2d 814; Osnato v New York City Tr. Auth., 172 AD2d 597). The explosion allegedly occurred while the electrical circuit was energized, and there is a triable issue of fact as to whether the protective equipment utilized was sufficient. Therefore, the Tishman defendants, Structure-Tone, and Deutsche Bank are not entitled to summary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against them.

The Supreme Court properly, in effect, searched the record and dismissed the complaint insofar as asserted against Coopers, as Coopers exercised no supervisory control over the construction work, and is not an owner within the meaning of Labor Law § 241 (6) (*see, Grindley v Town of Eastchester,* 213 AD2d 448).

Because we are reinstating a cause of action asserted against the defendants third-party plaintiffs Structure-Tone and Deutsche Bank, Ohm's motion for summary judgment dismissing the third-party complaint cannot be denied as academic. Bardouille did not sustain a "grave injury" as defined by Workers' Compensation Law § 11. Consequently, the third and fourth causes of action in the third-party complaint for common-law contribution and indemnification must be dismissed (*see,* Workers' Compensation Law § 11). However, the first and second causes of action for contractual indemnification and to recover damages for breach of a contract to procure insurance, respectively, are not barred (*see,* Workers' Compensation Law § 11). Ritter, J. P., Altman, Friedmann and McGinity, JJ., concur.