■ IGNATIUS FITZPATRICK, Plaintiff, v CHASE MANHATTAN BANK et al., Defendants, ADELHARDT CONSTRUCTION CORP., Appellant-Respondent, and BIORDI, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. GOLDEN VALE CONSTRUCTION CORP., Third-Party Defendant-Respondent. [728 NYS2d 484] —In an action to recover damages for personal injuries, the defendant third-party plaintiff, Biordi, Inc., appeals from so much of an order of the Supreme Court, Queens County (Polizzi, J.), entered November 24, 1999, as granted the motion of the third-party defendant, Golden Vale Construction Company, for summary judgment dismissing the third-party complaint and denied its cross motion for leave to amend its third-party complaint, and the defendant Adelhardt Construction Corp. separately appeals, as limited by its notice of appeal and brief, from so much of the same order as granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the appeal of Adelhardt Construction Corp. is dismissed, as that defendant is not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the third-party defendant is awarded one bill of costs payable by the defendant third-party plaintiff, Biordi, Inc.

The Supreme Court correctly determined that the third-party defendant met its burden of proving, by competent admissible evidence (*see, Gaddy v Eyler,* 79 NY2d 955; *Licari v Elliott,* 57 NY2d 230), that the plaintiff's injuries, although clearly serious, did not rise to the level of "grave" injuries, within the meaning of Workers' Compensation Law § 11 (*see, Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636; *Bradt v Lustig,* 280 AD2d 739; *Castro v United Container Mach. Group,* 273 AD2d 337, *affd* 96 NY2d 398; *Ibarra v Equipment Control,* 268 AD2d 13;

*Barbieri v Mt. Sinai Hosp.,* 264 AD2d 1). In opposition to the motion, the appellant Biordi, Inc. (hereinafter Biordi), failed to demonstrate the existence of any genuine issues of fact. Accordingly, since the plaintiff did not sustain a grave injury, Biordi's third-party action was properly dismissed (*see, Bardouille v Structure-Tone, Inc.,* 282 AD2d 635; *Soto v Alert No. 1 Alarm Sys.,* 272 AD2d 466; *Miroe v Miroe,* 270 AD2d 400).

We note that certain dictum in *Ibarra v Equipment Control* (*supra*), appears to suggest that a proponent of a motion for summary judgment seeking to dismiss a third-party action for want of grave injury is not obligated to prove, prima facie, that the plaintiff did not sustain a grave injury. This is not so and to this extent *Ibarra v Equipment Control* (*supra*) should not be followed. Rather, a proponent of a motion for summary judgment dismissing a third-party complaint because the plaintiff did not sustain a grave injury, is required to make a prima facie showing of entitlement to judgment as a matter of law, much the same as a defendant seeking summary judgment dismissing a claim for non-economic damages for lack of serious injury under the No-Fault Insurance Law (Insurance Law § 5120 [d]; *see, Way v Grantling,* 186 Misc 2d 110; *Harris v Metropolitan Life Ins. Co.,* 183 Misc 2d 431). As the third-party defendant herein made that requisite showing, and Biordi failed to rebut it, summary judgment was properly granted to the third-party defendant, dismissing Biordi's third-party complaint.

Biordi's remaining contentions are without merit. Santucci, J. P., Goldstein, S. Miller and Friedmann, JJ., concur. [As amended by unpublished order entered Oct. 22, 2001.]