(July 23, 2001)

■ KATHERINE ANGWIN, Plaintiff, v SRF PARTNERSHIP, L. P., Defendant, WELLS FARGO ALARM SERVICES, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. KINRAY, INC., Third-Party Defendant-Respondent. [729 NYS2d 151] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated March 2, 2000, which granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint, and denied its cross motion for conditional summary judgment on the issue of contractual indemnification against the third-party defendant.

Ordered that the order is affirmed, with costs.

On April 19, 1994, the defendant third-party plaintiff, Wells Fargo Alarm Services, Inc. (hereinafter Wells Fargo), entered into an agreement with the third-party defendant, Kinray, Inc. (hereinafter Kinray), to install and maintain an alarm system in a building leased by Kinray. Under the terms of the agreement, Wells Fargo was to install and maintain in good working order various items of equipment necessary to send signals from Kinray's premises to Wells Fargo's central station. The agreement also contained an indemnification clause requiring Kinray to indemnify Wells Fargo in the event that a person who was not a party to the agreement made a claim arising from the "failure of its equipment or service in any respect, whether or not caused by the negligence, active or passive, of Wells Fargo."

On September 11, 1996, the plaintiff, Katherine Angwin, a Kinray employee, allegedly was injured when a magnetic lock mounted above a door frame fell and struck her on the head. The magnetic lock was part of the alarm system installed by Wells Fargo and its subcontractor. Angwin commenced an action to recover damages for personal injuries against, among others, Wells Fargo, alleging that its negligent installation and maintenance of the magnetic lock caused the accident. Wells Fargo then commenced a third-party action against Kinray, seeking both common-law and contractual indemnification. Kinray subsequently moved for summary judgment dismissing the third-party complaint, arguing that Wells Fargo's common-

law indemnification claim should be dismissed because Angwin did not sustain a grave injury as required by Workers' Compensation Law § 11. It also argued that the contractual indemnification claim should be dismissed because the indemnification clause did not encompass an accident arising from Wells Fargo's failure to properly secure and maintain the magnetic lock. Wells Fargo cross-moved for conditional summary judgment on its contractual indemnification claim, contending that Angwin's claim was within the scope of the indemnification clause, and that the clause was fully enforceable. The Supreme Court granted Kinray's motion and denied Wells Fargo's cross motion, and we affirm.

As amended in 1996, Workers' Compensation Law § 11 provides that an employer may be liable in a third-party action for contribution or indemnification only where the third-party plaintiff proves through competent medical evidence that the employee sustained a grave injury (*see, Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636). The term "grave injury" is a statutorily-defined threshold for catastrophic injuries, and includes only those injuries which are listed in the statute and determined to be permanent (*see, Ibarra v Equipment Control,* 268 AD2d 13; *Kerr v Black Clawson Co.,* 241 AD2d 686). Here, Angwin's verified bills of particulars and the medical evidence submitted by the parties reveal that she sustained, among other injuries, a cerebral concussion and exacerbation of a herniated cervical disc. Since those injuries do not come within the statutory definition of a grave injury, the Supreme Court properly granted that branch of Kinray's motion which was for summary judgment dismissing Wells Fargo's common-law indemnification claim (*see, Ibarra v Equipment Control, supra; Curran v Auto Lab Serv. Ctr., supra*).

Furthermore, the Supreme Court properly concluded that Wells Fargo is not entitled to contractual indemnification pursuant to the indemnification clause in the parties' agreement. Angwin's claim, which is based on Wells Fargo's alleged failure to properly secure and maintain the magnetic lock above a door frame, is beyond the scope of this clause, which was intended to relieve Wells Fargo from liability for claims arising from the failure of its alarm equipment or service to operate (*see, Zgoba v Easy Shopping Corp.,* 246 AD2d 539; *cf., Soto v Alert No. 1 Alarm Sys.,* 272 AD2d 466). Moreover, even if the indemnification clause exempted Wells Fargo from liability for its failure to maintain equipment installed on the premises, it would be unenforceable, since a contractor is prohibited from exempting itself from liability for injuries arising "as a result

of work performed or services rendered in connection with the construction, maintenance and repair of real property or its appurtenances" (General Obligations Law § 5-323; *see, Melodee Lane Lingerie Co. v American Dist. Tel. Co.,* 18 NY2d 57; *Tate v Clancy-Cullen Stor. Co.,* 178 AD2d 292). Ritter, J. P., Krausman, H. Miller and Smith, JJ., concur.