■ PETER J. DUNN, Plaintiff, v SMITHTOWN BANCORP, Sued Herein as BANK OF SMITHTOWN, Defendant and Third-Party Plaintiff-Appellant. KRIEG CUSTOM BUILDERS, INC., Third-Party Defendant-Respondent. [730 NYS2d 150] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Suffolk County (Molia, J.), dated September 7, 2000, as denied its motion for summary judg-

ment on the issue of common-law indemnification and granted the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint, and (2) an order of the same court, dated February 1, 2001, as, upon reargument and renewal, adhered to its original determination.

Ordered that the appeal from the order dated September 7, 2000, is dismissed, as that order was superseded by the order dated February 1, 2001, made upon reargument and renewal; and it is further,

Ordered that the order dated February 1, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff Peter J. Dunn allegedly was injured after falling from either a ladder or scaffolding while remodeling the appellant's bank. Dunn alleges that he sustained a brain injury which caused him to suffer, *inter alia*, cognitive deficits, mild expressive language deficits, and impaired problem solving ability. After Dunn commenced an action against the appellant, the appellant commenced a third-party action against the respondent, Dunn's employer, for common-law indemnification. The appellant moved for summary judgment on the issue of common-law indemnification against the respondent, arguing that Dunn's brain injury resulted in a "permanent total disability" constituting a "grave injury" as defined in Workers' Compensation Law § 11. The respondent cross-moved for summary judgment dismissing the third-party complaint arguing that the brain injury suffered by the plaintiff was not a "grave injury." The Supreme Court denied the motion and granted the cross motion, and upon reargument and renewal, adhered to its original determination.

The term "grave injury" as contained in Workers' Compensation Law § 11 has been described as a statutorily-defined threshold for catastrophic injuries, and it includes only those injuries listed in the statute and determined to be permanent (*see, Curran v Auto Lab Serv. Ctr.*, 280 AD2d 636; *Kerr v Black Clawson Co.*, 241 AD2d 686). Furthermore, the statutory list of grave injuries is intended to be exhaustive, not illustrative (*see, Curran v Auto Lab Serv. Ctr., supra*). The Supreme Court correctly determined that the respondent met its burden of proving by competent admissible evidence (*see, Gaddy v Eyler*, 79 NY2d 955; *Licari v Elliott*, 57 NY2d 230), that Dunn's injuries, although clearly serious, did not rise to the level of "grave" injuries within the meaning of Workers' Compensation Law § 11 (*see, Curran v Auto Lab Serv. Ctr., supra*). In opposition to the cross motion, the appellant failed to demonstrate

the existence of a triable issue of fact. Accordingly, the Supreme Court properly granted the respondent's cross motion for summary judgment dismissing the third-party complaint (*see, Castro v United Container Mach. Group,* 96 NY2d 398; *Bardouille v Structure-Tone,* 282 AD2d 635).

In light of our determination, the appellant's remaining contentions are academic. Ritter, J. P., Friedmann, Luciano and Smith, JJ., concur.