◼ JORGE PEREZ, Plaintiff, v OZONE PARK LUMBER, Defendant and Third-Party Plaintiff-Respondent. NEW YORK CITY

Housing Authority, Third-Party Defendant-Appellant. [738 NYS2d 580] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Barron, J.), dated August 29, 2001, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

The third-party defendant met its burden of proving, by competent admissible evidence (see Gaddy v Eyler, 79 NY2d 955; Fitzpatrick v Chase Manhattan Bank, 285 AD2d 487), that the plaintiff's injuries did not rise to the level of "grave injuries" within the meaning of Workers' Compensation Law § 11 (see, Castro v United Container Mach. Group, 96 NY2d 398; Dunn v Smithtown Bancorp, 286 AD2d 701; Fitzpatrick v Chase Manhattan Bank, supra; Curran v Auto Lab Serv. Ctr., 280 AD2d 636; Ibarra v Equipment Control, 268 AD2d 13). In opposition to the motion, the third-party plaintiff failed to demonstrate the existence of a triable issue of fact. Accordingly, the Supreme Court should have granted the third-party defendant's motion for summary judgment dismissing the third-party complaint. S. Miller, J.P., O'Brien, McGinity, Schmidt and Townes, JJ., concur.