■ Jose Silva et al., Plaintiffs, v Incorporated Village of Hempstead Community Development Agency; Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. Mar Jea Equipment, Inc., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [739 NYS2d 171] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, the Incorporated Village of Hempstead Community Development Agency, appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated February 1, 2001, which granted the motion of the third-party defendant, Mar Jea Equipment, Inc., to dismiss the third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Jose Silva allegedly was injured while engaged in construction work on property owned by the appellant, the Incorporated Village of Hempstead Community Development Agency. At the time of the accident, the injured plaintiff was employed by the third-party defendant, Mar Jea Equipment, Inc. (hereinafter Mar Jea), a subcontractor on the project. After the plaintiffs brought the main action against the appellant, inter alia, to recover damages for personal injuries, the appellant commenced a third-party action against Mar Jea for indemnification. Mar Jea moved to dismiss the third-party complaint on the ground that the appellant's claim for common-law indemnification is barred by Workers' Compensation Law § 11. The appellant contended that it had a claim for contractual indemnification pursuant to the subcontract between Mar Jea and the general contractor of the project. The Supreme Court granted the motion.

While a claim based on contractual indemnification is not barred by Workers' Compensation Law § 11 (*see, Bardouille v Structure-Tone, Inc.*, 282 AD2d 635, 637), in this case the subcontract contained a provision that it was of "no force and effect until" the appellant granted written consent. The appellant does not deny that it did not comply with this express

condition precedent. Furthermore, there was no showing of a waiver, breach, or forfeiture that may excuse nonoccurrence of the condition (*see, Oppenheimer & Co. v Oppenheim, Apel, Dixon & Co.,* 86 NY2d 685). Therefore, the motion for summary judgment was properly granted. Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.