■ MICHAEL SCHULER et al., Respondents, v KINGS PLAZA SHOPPING CENTER AND MARINA, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. DON BURNS, Doing Business

as BURNS MECHANICAL, et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [743 NYS2d 141] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs Kings Plaza Shopping Center and Marina, Inc., and Structure, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated May 11, 2000, as granted the plaintiffs' motion for summary judgment on their cause of action to recover damages for violation of Labor Law § 240 (1) and denied those branches of their cross motion which were for summary judgment dismissing the causes of action to recover damages for negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them, and on their cause of action in the third-party complaint for indemnification from the third-party defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing those causes of action which were to recover damages for negligence and pursuant to Labor Law §§ 200 and 241 (6) insofar as asserted against the defendants third-party plaintiffs and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that, as a matter of discretion, the third-party complaint is dismissed insofar as asserted against the third-party defendants Don Burns, doing business as Burns Mechanical and Burns Mechanical; and it is further,

Ordered that one bill of costs is payable to the defendants third-party plaintiffs.

The plaintiff Michael Schuler sustained personal injuries as the result of a fall from an inadequately secured 10-foot wooden A-frame ladder. The injury occurred while he was removing old piping at a store owned by the appellant Structure, Inc., as part of an air conditioning installation project. The store was located in a shopping mall owned by the appellant Kings Plaza Shopping Center and Marina, Inc. The ladder had been provided by the injured plaintiff's employer and was next to a pile of debris which had been excavated from a concrete hole in the floor. The plaintiffs commenced this action against the appellants, alleging causes of action to recover damages for negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). The appellants commenced a third-party action against, among others, the injured plaintiff's employer, the third-party defendant Don Burns, doing business as Burns

Mechanical (hereinafter Burns), for contribution and indemnification.

The plaintiffs moved for summary judgment on their cause of action to recover damages for violation of Labor Law § 240 (1), and the appellants cross-moved, inter alia, for summary judgment dismissing the causes of action to recover damages for negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them, and for summary judgment on their third-party cause of action granting them indemnification from the third-party defendants. The Supreme Court granted the plaintiffs' motion and denied those branches of the appellants' cross motion.

The Supreme Court properly granted summary judgment to the plaintiffs on their Labor Law § 240 (1) cause of action since the evidence established that the injured plaintiff fell from an unsecured ladder, which was the proximate cause of his injuries (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Lacey v Turner Constr. Co.,* 275 AD2d 734).

However, the Supreme Court erred in denying summary judgment to the appellants dismissing the negligence and Labor Law § 200 causes of action insofar as asserted against them since they did not exercise any control over the manner or method of the injured plaintiff's work, and did not have notice of any alleged defective condition (*see Kanarvogel v Tops Appliance City,* 271 AD2d 409; *Sprague v Peckham Materials Corp.,* 240 AD2d 392).

The Supreme Court also erred in failing to grant summary judgment to the appellants dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them since the plaintiffs did not allege any specific violation of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Somerville v Usdan,* 255 AD2d 500; *Rojas v County of Nassau,* 210 AD2d 390). However, the appellants' contention that the injured plaintiff's preexisting medical condition was the sole proximate cause of his injury was speculative and insufficient to defeat the plaintiffs' motion for summary judgment on that issue (*see Fresse v City of New York,* 238 AD2d 374; *Bras v Atlas Constr. Corp.,* 166 AD2d 401).

While the Supreme Court indicated that issues of fact precluded it from granting the appellants summary judgment on their claim for indemnification, and the parties herein never addressed the issue of whether the injured plaintiff sustained a "grave injury," we find, as a matter of law (*see Weiner v MKVII-Westchester,* 292 AD2d 597), that the injured plaintiff did not sustain such injury, as defined by Workers' Compensation Law § 11.

Workers' Compensation Law § 11 was amended in 1996 to permit an employer to be held liable for contribution or indemnity only where the third-party plaintiff proves through competent evidence that the injured party sustained a "grave injury." "The term 'grave injury' has been defined as a 'statutorily defined threshold for catastrophic injuries' * * * and includes only those injuries which are listed in the statute and determined to be permanent" (*Ibarra v Equipment Control,* 268 AD2d 13, 17-18, quoting *Kerr v Black Clawson Co.,* 241 AD2d 686).

The injured plaintiff alleged that he suffered, inter alia, a comminuted left temporal, parietal, and occipital skull fracture. Further, the report of the appellants' examining physician revealed that the injured plaintiff managed a "limited social agenda" and was able to, among other things, dress and feed himself and handle simple arithmetic.

Accordingly, the third-party complaint seeking contribution and indemnification must be dismissed insofar as asserted against Burns since the injured plaintiff did not sustain a "grave injury" as defined by the statute (*see McCoy v Queens Hydraulic Co.,* 286 AD2d 425; *Angwin v SRF Partnership,* 285 AD2d 568; *Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636; *Ibarra v Equipment Control, supra*). Altman, J.P., Florio, Schmidt and Cozier, JJ., concur.