■ ROBERT TRAUTENBERG et al., Plaintiffs, v GIBNEY LEASING CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. ALITA CERAMIC TILE, INC., Third-Party Defendant-Appellant. [748 NYS2d 65]

The third-party defendant met its burden of proving, by competent admissible evidence (*see Gaddy v Eyler,* 79 NY2d 955; *Fitzpatrick v Chase Manhattan Bank,* 285 AD2d 487), that the injured plaintiff did not sustain a "grave injury" within the meaning of Workers' Compensation Law § 11 (*see Dunn v Smithtown Bancorp,* 286 AD2d 701; *Fitzpatrick v Chase Manhattan Bank, supra; Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636). In opposition to the motion, the existence of a triable issue of fact was demonstrated. Accordingly, the Supreme Court properly denied that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint based on this issue. Ritter, J.P., Krausman, McGinity and Luciano, JJ., concur.