■ FERNANDO P. BARREIROS, Plaintiff, v JJR ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Respondent. GLG CONSTRUCTION COMPANY OF SUFFOLK, INC., Third-Party Defendant-Appellant. [755 NYS2d 297] —In an action to recover damages for personal injuries, the third-party defendant appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 25, 2002, as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

The third-party defendant met its burden of proving, by competent admissible evidence (see Gaddy v Eyler, 79 NY2d 955 [1992]; Fitzpatrick v Chase Manhattan Bank, 285 AD2d 487 [2001]), that the plaintiff's injuries, although serious, did not rise to the level of "grave" injuries within the meaning of Workers' Compensation Law § 11 (see Castro v United Container Mach. Group, 96 NY2d 398 [2001]; Perez v Ozone Park Lbr., 290 AD2d 427 [2002]; Dunn v Smithtown Bancorp, 286 AD2d 701 [2001]). In opposing the motion, the defendant third-party plaintiff failed to demonstrate the existence of a triable issue of fact (see Perez v Ozone Park Lbr., supra).

Moreover, it is uncontroverted that the third-party defendant complied with the insurance requirement of the parties' agreement by maintaining the necessary liability and workers' compensation insurance (see e.g. Stevens v Grody, 297 AD2d 372 [2002]).

Accordingly, the Supreme Court should have granted the third-party defendant's motion for summary judgment dismissing the third-party complaint. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.