EMMA ADLAM, Appellant, *v.* LORETTO S. KONVALINKA et al., Respondents.

Argued April 21, 1943; decided July 20, 1943.

*Edward Friedman* for appellant. The facts and circumstances related by plaintiff established a common law cause of action in negligence against defendants. The evidence of defendants' active negligence in probing for steel particles in plaintiff's fingers and a switch from a proved safe to a proved unsafe article with defendants' recklessly false assurance of innocuous effects of the latter justifies, in fact impels, submission to a jury. (*Hallenbeck* v. *Wander & Sons' Chemical Co.,* 197 App. Div. 855.) Plaintiff in view of all the circumstances was neither contributorily negligent nor assumed the risk and these issues were questions for the jury. (*Kain* v. *Smith,* 89 N. Y. 375; *Brady* v. *Pennsylvania Steel Co.,* 215 N. Y. 456; *Maleeny* v. *Standard Ship Bldg. Corp.,* 237 N. Y. 250; *Kaufman* v. *Hopper,* 220 N. Y. 184; *Pelow* v. *Oil Well Supply Co.,* 194 N. Y. 64; *Hawley* v. *Northern Central Ry. Co.,* 82 N. Y. 370; *Lynch* v. *American Linseed Co.,* 122 App. Div. 428, 194 N. Y. 574; *Guann* v. *Southern Pacific Co.,* 15 Ariz. 413; *Hoogbruen* v. *Atchison T. & S. F. R. Co.,* 213 Cal. 582; *Finn* v. *Cassidy,* 165 N. Y. 584; *Guilmartin* v. *Solvay Process Co.,* 189 N. Y. 490; *Felcin* v. *Society of New York Hospital,* 155 App. Div. 545; *Pellegrino* v. *Smith Co.,* 226 N. Y. 165; *Benzing* v. *Steinway & Sons,* 101 N. Y. 547; *Malukas* v. *Overseas Shipping Co.,* 197 App. Div. 224.)

*William L. Shumate* for respondents. Plaintiff's proof was insufficient to make out a cause of action and, therefore, the complaint was properly dismissed. The evidence is insufficient to raise any jury issue as to the defendant's negligence in furnishing plaintiff with the pad. (*Maher* v. *Wagner,* 62 S. D. 227; *Newbern* v. *Great Atlantic & Pacific Tea Co.,* 68 F. 2d 523; *Fasani* v. *N. Y. C. & H. R. R. R. Co.,* 109 App. Div. 404, 190 N. Y. 515; *Levine* v. *Blaine Co.,* 273 N. Y. 386.) The conduct of the defendants after the accident was not such as to violate any duty which they owed the plaintiff. (*Kaster* v. *Woodson,* 123 S. W. 2d 981.)

RIPPEY, J. Plaintiff brought this action to recover damages for injuries and inept and unprofessional medical attention received while engaged in her duties as a domestic servant in the employ of the defendants. She was injured while washing kitchen utensils with a defective wire-mesh soap pad which defendants furnished for her use. On the first occasion she used the appliance, loose ends of wires detached from their fastenings punctured her thumb and fingers, then broke off and remained imbedded therein. Her mistress undertook personally to treat her for her injuries without furnishing medical attention until after a serious infection developed which necessitated operations to remove the wire particles and substantial medical treatment to reduce the infection.

Plaintiff, previous to the occasion of her injury, had been accustomed to use wire mesh pads *with handles attached* for removing grease from kitchen utensils. She had never seen or previously used an appliance like the one from which she received her injuries. Her mistress furnished the new one without an attached handle to replace one with a handle no longer fit for use. Although there was no obviously defective appearance or loose wires readily apparent, plaintiff objected to using the new appliance, since it was unlike any such appliance that she had seen or used before, but her mistress assured her that it was all right, and safe and suitable for use and directed her specifically to use it. In the absence of knowledge of a defective condition which would warrant a definite choice, plaintiff was bound to use the appliance furnished by her mistress as she was directed to do.

There is no evidence that the article was such a simple household article in common use as to absolve the mistress from liability for negligence as matter of law. So far as the record discloses, no similar appliance had ever before been used by anyone. These wires were either broken and loose at the time the pad was given to the plaintiff or became broken and loose from use, but there is no evidence as to which happened. Whatever happened occurred on the first occasion of the use of the appliance. Whether the wires broke because the appliance was not suitable for the use to which the plaintiff was required to put it, or whether they were broken when she started to work with it, the result is the same. The fact that the wires broke or came loose during ordinary usage or were loose when she started to do her work is sufficient to raise a question of fact as to whether or not the appliance was unsafe for use when it was delivered to the plaintiff.

Defendants were presumed to know any danger which a reasonable inspection would have disclosed (*Kirby* v. *Montgomery Brothers & Co.,* 197 N. Y. 27, 31). Although defendants were not required to furnish the newest, the safest or the best appliance or one of a particular kind, they were, at least, required to furnish one reasonably safe and suitable for the use to which it was to be put and whether they complied with their nondelegable duty in that respect on the record now before us was a question of fact (*Welle* v. *Celluloid Co.,* 175 N. Y. 401, 405).

Whether the defendants exercised such care under all the circumstances in this case as was required of them on the record as we now find it, whether their neglect, if any, in providing and directing the use of the article, or failure, if such there was, to make an adequate inspection was the proximate cause of the accident, whether the servant assumed the risk or was guilty of contributory negligence under the circumstances here disclosed were questions of fact for the jury.

The judgment of the Appellate Division should be reversed and the order of the Trial Term affirmed, with costs to the appellant to abide the event.

LEWIS, J. (dissenting). The plaintiff, employed in domestic work, was injured while cleaning kitchen tinware by the aid of

a steel-wool pad. This particular kitchen utensil — known in trade as " Good Old Soap Pad "— had no features which were complicated. It had been purchased by the plaintiff's employer who delivered it to the plaintiff with instructions that it be used. Previously her employer had supplied the plaintiff with a pad similar in type but to which a handle was attached. No evidence was introduced in behalf of the plaintiff to establish the fact that when such kitchen utensils are used it is common practice to have handle attachments. Nor is there evidence that the pad used by the plaintiff was defective, unless it can be said that a strand of steel wool loosened from the pad is a defect. I find it difficult to conceive of a cleansing utensil more simple than the one here involved. To charge the mistress of a household with actionable negligence in circumstances such as those which gave rise to the present action would require an employer of domestic help to be an insurer against all defects in tools and utensils of the simplest type. The law imposes no duty so drastic. I think that reasonable care — not the highest efficiency which skill and foresight can produce — is the measure of duty owed by such an employer in the selection of the simple articles by which household work is done. (*Carlson* v. *Phœnix Bridge Co.* 132 N. Y. 273, 277, 278; *Cregan* v. *Marston,* 126 N. Y. 568, 572, 573; *Marsh* v. *Chickering,* 101 N. Y. 396, 399, 400.

Accordingly, I dissent and vote for affirmance.

LOUGHRAN, CONWAY and DESMOND, JJ., concur with RIPPEY, J.; LEWIS, J., dissents in opinion in which LEHMAN, Ch. J., concurs.

Judgment accordingly.