THOMAS J. P. CAWLEY, Respondent, v. IDA R. CLARKE, Defendant. SARAH BUDNICK, Appellant.— Orders denying the motion of the third-party appellant to vacate the warrant of attachment and to cancel the notice of levy filed against real property, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, without costs. The proof clearly establishes that the third-party appellant is now and has been since about November 21, 1947, the owner of the real property in question, and that defendant has no interest therein, either vested or not vested, which is capable of being aliened. Nolan, P. J., Adel, Sneed and MacCrate, JJ., concur; Carswell, J., concurs in the result.

ANTONIO DELLAMORGIA, Respondent, v. HARRY WEINBERG, Appellant.— In an action to recover damages for personal injuries suffered when plaintiff, an employee of defendant, fell as the result of the breaking of a three-foot long rope which plaintiff was pulling in an attempt to start the motor on a small tractor, judgment entered on a verdict in favor of plaintiff reversed on the law, with costs, and the complaint dismissed on the law, with costs. The fact that the rope broke is not of itself evidence of decay or other defect. (*Dugan* v. *American Transfer Co.*, 160 App. Div. 11.) There is no proof of the cause of the breaking of the rope or that the rope was defective. There is no testimony that the rope became rotten and unsafe as the result of exposure. (Cf. *Baker* v. *Allegheny Valley R. R. Co.*, 95 Pa. 211.) Furthermore, there is no proof that defendant knew of the alleged defective condition. Although defendant was presumed to know any danger which a reasonable inspection might have disclosed (*Adlam* v. *Konvalinka*, 291 N. Y. 40), it does not appear what a reasonable inspection by defendant would have disclosed which plaintiff himself could not see, and plaintiff testified that he never saw anything wrong with the rope during the fifteen months that he used it prior to the accident. Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.

E. & J. DORF LUMBER CO., INC., Respondent, v. LOUISE M. BAIRD et al., Defendants, and HERBERT J. BERNHARDT, Appellant.— In an action to foreclose a mechanic's lien or for a money judgment, judgment of the County Court of Nassau County for plaintiff unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ.