George Mendes, Respondent, v. Caristo Construction Corp., Appellant, et al., Defendant.

Caristo Construction Corp., Third-Party Plaintiff-Appellant, v. Artistic Bronze Tablet Co., Inc., Third-Party Defendant-Respondent.

First Department, March 18, 1958.

*Joseph A. Monica* of counsel (*William J. Kenney,* attorney), for appellant and third-party plaintiff-appellant.

*Bernard Meyerson* of counsel (*Paul P. Meltzer,* attorney), for respondent.

*Raymond C. Green* of counsel (*Harry Schechter* and *Milton L. Freedman* with him on the brief; *Charles G. Tierney,* attorney), for third-party defendant-respondent.

VALENTE, J. The appellant, a general contractor, engaged in the erection of a new school in this city, appeals from a judgment rendered after a jury verdict in favor of the respondent, an employee of a subcontractor, who was injured while working on the job.

At the time of the accident, respondent was assisting in the installation of a metal door buck (door framework) on the ground floor of the building. Since this particular door buck weighed in excess of 200 pounds and could not be lifted manually, the respondent and his foreman installed an outrigger on the third floor of the building to which they attached a block and fall. The respondent's version of what thereafter

transpired is that, needing a sling and his employer not having furnished one, he and his foreman proceeded to the appellant's main field office for the purpose of borrowing one as they had done on a previous occasion; that they asked for the sling stating the purpose for which it was wanted and that the superintendent replied, "You will find a rope sling in our other shanty; in our tool shanty." Thereupon, respondent went into the shanty, obtained a sling, tested and inspected it, then attached it to the hook and door buck and proceeded to raise the frame into position. After the door buck had risen two feet off the ground, it fell, striking respondent in the knee and injuring him. The sling was described as having parted — broken in two — when suspended from the hook on the block.

While the court in its charge made no specific reference to section 240 of the Labor Law, the case was submitted to the jury, and the verdict can only be justified, on the applicability of the section. Section 240 specifically encompasses "[a] person employing or directing another to perform labor". These words mean just that (*Kluttz* v. *Citron*, 2 N Y 2d 379). (See, also, *Blackwood* v. *Chemical Corn Exch. Bank*, 4 A D 2d 656.) The liability of the appellant under this section must rest on proof that the respondent was supplied with or directed by the appellant's superintendent to use the allegedly defective sling. A direction to use equipment under such circumstances carries with it an assurance that it is safe to use it. Consequently if so used in reliance thereon and injury results, liability attaches.

Thus the focal point of this case is the conversation incident to the borrowing of the sling (which we assume the jury found occurred as related by respondent), viz., "You will find a rope sling in our other shanty; in our tool shanty." Does this statement amount to a "direction", within the meaning of section 240, to use this sling? The effect of the conversation "must be resolved in the light of the relationship created by the circumstance of the moment — that is, whether [the appellant's] superintendent had assumed such a degree of control over the plaintiff's work as to render it liable for his ensuing injury." (*Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182, 187.) We conclude that the colloquy did not import any such assumption of control of the work, and we fail to find any proof in the record, by word or conduct, of any direction by appellant to the respondent either to perform any specific item of labor or to use any particular equipment. Absent proof of these elements, the case falls squarely within our holding in *Glass* v. *Gens-Jarboe, Inc.* (280 App. Div. 378, affd. 306 N. Y.,

786). There an employee of a subcontractor asked and received permission from the superintendent of the general contractor to borrow a plank for a scaffold he was erecting. The plank proved defective, the scaffold collapsed and the plaintiff was injured. In reversing a judgment recovered by the plaintiff and dismissing the complaint, we held (*Glass* v. *Gens-Jarboe, Inc., supra*, p. 380): "It is clear from this evidence that plaintiff was not handed the plank and told to use it. He was simply allowed to take and use a plank of his own choosing. The plank selected proved to be defective. There was, however, no notice to defendant of the defect and it is apparent that plaintiff had a better opportunity than defendant to examine the plank and determine whether it was fit for his use (*Burnstein* v. *Haas*, 272 App. Div. 1051, affd. 298 N. Y. 596)."

The concluding statement in the *Glass* case (p. 381) is pertinent here: "In the instant case, any question of contributory negligence aside, there was nothing akin to an assurance of safety, nothing to suggest that defendant's employee knew or should have known of a dangerous condition, and nothing resembling a direction to use the plank. Plaintiff received only a passing permission to use what he wanted and what he determined to be appropriate for his own purpose. There is no question of interpretation of the superintendent's alleged instructions, as there was in the *Broderick* case (*supra*), or relation created by the circumstances which would make defendant responsible for plaintiffs' use of the plank."

While our opinion in the *Glass* case asserts that the plank that was borrowed was not the property of either the plaintiff employer or the defendant, but one that had been left on the job by a subcontractor, a reading of the quoted portions of the opinion indicates very plainly that the decision was not based on that circumstance. For the purpose of this case, the test of liability under section 240 of the Labor Law is whether the person hiring or directing the performance of labor has furnished defective material in connection therewith.

In passing, we note that even if the critical conversation were to be interpreted as constituting a "direction" (under Labor Law, § 240) to use the sling, the proof would yet be insufficient, as a matter of law, to sustain the verdict. The record is barren of any proof that the accident occurred because of an existing defect in the sling (see *Dellamorgia* v. *Weinberg*, 278 App. Div. 828). The particular sling was not placed in evidence. The testimony was that the sling parted where the hook from the block had been suspended from it, and the break was a clean one without fraying. Moreover, the sling was part of a hoist

constructed by respondent as an incident to the work being performed, and appellant had no responsibility with respect to the construction or operation of the hoist.

Thus, from the evidence, there could be no legally permissible inference that the sling was defective. Such a conclusion would be mere speculation and not a warranted inference. Even though section 240 of the Labor Law could be applied in this case, plaintiff was still under the burden of establishing that the proximate cause of the parting of this sling was a defect in the sling supplied; and there was no proof of that essential element here.

In view of our conclusion, we do not discuss appellant's contention as to the amount of the verdict except to indicate, that had we been required to reach that issue, we would have found that the verdict was excessive and against the weight of the evidence.

Accordingly, the judgment should be modified to the extent of reversing it, on the law and facts, insofar as it grants judgment to plaintiff-respondent against defendant-appellant, and dismissing the complaint, with costs, and otherwise the judgment should be affirmed, with costs to third-party defendant-respondent against the third-party plaintiff-appellant.

BOTEIN, P. J., BREITEL, FRANK and STEVENS, JJ., concur.

Judgment unanimously modified to the extent of reversing it, upon the law and upon the facts, insofar as it grants judgment to plaintiff-respondent against defendant-appellant, and dismissing the complaint, with costs, and otherwise the judgment is affirmed, with costs to third-party defendant-respondent against the third-party plaintiff-appellant. Settle order.