■ RAY J. BLESSINGER et al., Plaintiffs, v ESTEE LAUDER COMPANIES, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. CONSERVATIVE EXPRESS, INC., Third-Party Defendant-Appellant. [668 NYS2d 16] —Order, Supreme Court, New York County (Barbara Kapnick, J.),

entered July 1, 1997, which denied third-party defendant's motion to dismiss the third-party complaint as barred by Workers' Compensation Law § 11, as amended by section 2 of the Omnibus Workers' Compensation Reform Act of 1996 (L 1996, ch 635 [the Act]), unanimously affirmed, without costs.

The issue is whether the Act, which extinguishes the right to contribution from a plaintiff's employer, except in limited circumstances not present here, bars a third-party action for contribution against the employer that was commenced after September 10, 1996, the effective date of the Act, where the employee's underlying action for personal injuries was commenced before September 10, 1996. We hold that the Act does not bar such a third-party action. Much as the Second Department in *Morales v Gross* (230 AD2d 7), in holding that a third-party action was not barred (*see also, Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d 102), "disagree[d] with the assertion that the right to contribution is not a significant or matured right merely because the third-party plaintiff has not yet, and may never, recover anything on its claim" (*supra,* at 13), we disagree with the assertion that the right to contribution is not a significant or matured right until a third-party action has been commenced. It is the substantive right to contribution that the Act extinguishes prospectively, not the procedural vehicle for realizing that right. We also find support for this result in the legislative debates (*see,* Transcript of NY St Assembly Proceedings, Bill [H] 11331, Rules Report No. 1546, Comm on Rules, July 12, 1996, at 618). Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Mazzarelli, JJ.