OPINION OF THE COURT
Victor I. Barron, J.
The motion for summary judgment is denied in all respects.
*48 In Majewski v Broadalbin-Perth Cent. School Dist. (91 NY2d 577), the Court of Appeals held that amendments to section 11 of the Workers’ Compensation Law were to be applied only prospectively from the date of their passage. A question not expressly addressed in that decision is raised here: which measuring date in a given litigation should be used to determine whether or not the new section should control — the. date of the commencement of the first-party, personal injury action, or that of the filing of the third-party suit against the employer. For reasons enunciated in Majewski (supra) and in Morales v Gross (230 AD2d 7), this court concludes that because the date the underlying personal injury action was filed marks the maturation of the parties’ substantive rights to contribution and indemnity, the amendments to section 11 of the Workers’ Compensation Law should apply only to those first-party actions filed after the amendments’ effective date, September 10, 1996.
In the case at bar, the personal injury suit was filed in February 1993 after the plaintiff tripped and fell while making a delivery of cake to a supermarket. The property owner brought a third-party action against Continental Baking Co. (Continental), the plaintiff’s employer, in the summer of 1997; after Continental served its answer, the supermarket where the plaintiff fell served a cross claim based upon common-law contribution and indemnity. The third-party plaintiff property owners allege that they are entitled to contribution for the employer’s negligence in failing to properly train and supervise the plaintiff in the appropriate manner to deliver the baked goods. Continental moves to dismiss these claims on the ground that there is no cause of action for failure to train or instruct a person to perform a common and ordinary activity, and on the ground that the claims are barred by the Omnibus Workers’ Compensation Reform Act of 1996 (L 1996, ch 635).
The relevant portion of the statute as amended (Workers’ Compensation Law § 11) provides that no third-party action may be filed against an employer unless the worker’s injury is “grave”. In its decision in Majewski v Broadalbin-Perth Cent. School Dist. (supra, at 584), the Court commented: “It is clear that one of the key purposes of the Act was the legislative modification of Dole v Dow Chem. Co. (30 NY2d 143) * * * That intention was repeatedly expressed by all sides during the legislative debates and is included in the official statement of intent (see, L 1996, ch 635, § 1 * * *)”. It is Continental’s contention that the plaintiff’s injuries are not so severe as to *49 fall within the statutory definition of “grave” and, as a result, the third-party action must be dismissed. However, the threshold question of whether the newly amended law applies to this litigation must be considered first.
The Court of Appeals discussed the legislative history of the Omnibus Workers’ Compensation Reform Act in Majewski v Broadalbin-Perth Cent. School Dist. (supra) and noted “that the initial draft of the Act expressly provided that it would apply to llawsuit[s] [that have] neither been settled nor reduced to judgment’ by the date of its enactment (231 AD2d, at 107). That language does not appear in the enacted version” (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d, supra, at 587). The Court stated that this fact leads to a strong presumption that the Act was intended to apply prospectively only; to extend the logic further, it also leads to a presumption that the amendments should not apply to any pending suits, even those in which the third-party action was filed after the Act became effective.
Application of the amended statute to pending cases would impinge upon the parties’ rights to contribution which have not yet beeyi asserted affirmatively. The Appellate Division, Second Department, stated in Morales v Gross (230 AD2d 7, 13, supra) that “we disagree with the assertion that the right to contribution is not a significant or matured right merely because the third-party plaintiff has not yet, and may never, recover anything on its claim”. In a footnote to the opinion, the Court made it clear that it regarded the right to contribution as a substantial one, and in the body of the opinion itself, the Court stated that such an important right would not have been altered by the Legislature sub silentio or indirectly, holding that the Act should be applied prospectively only.
Further support for this proposition is found in Blessinger v Estee Lauder Cos. (246 AD2d 363), in which the Appellate Division, First Department, discussed the Morales v Gross decision (supra) with approval, agreeing that the right to contribution is a significant one even though no third-party action has been commenced. The Court also observed “It is the substantive right to contribution that the Act extinguishes prospectively, not the procedural vehicle for realizing that right” (Blessinger v Estee Lauder Cos., supra, at 364). It is not third-party actions which the statute invalidates, but claims made against employers otherwise shielded by the Workers’ Compensation Law. To hold that third-party actions commenced after *50 the effective date of the Act are barred in actions pending as of the effective date of the legislation as well as newly commenced ones, would constitute retroactive application of the statute, contrary to the holding of these cases.
Most decisively, Majewski v Broadalbin-Perth Cent. School Dist. (supra, at 590) provides as follows: “We conclude that, irrespective of the date of the accident, a prospective application of the subject legislation to actions by employees for on-the-job injuries against third parties filed after the effective date of the relevant provisions is eminently consistent with the over-all and specific legislative goals behind passage of the Act.”
The allusion to “actions against third parties,” while possibly initially confusing, refers back to the phrase immediately preceding it: “actions by employees for on-the-job-injuries”. In this paragraph, the Court of Appeals rejects the date of the accident as one possible measuring date, and designates the date of commencement of the first-party action as the more appropriate. This court therefore finds that the Omnibus Workers’ Compensation Reform Act does not apply to this litigation and the dismissal motion predicated on that ground must be denied.
Continental’s motion for summary judgment is two-pronged; it also contends that it had no duty to instruct the plaintiff in the common and ordinary activity of delivering cake to a store. The third-party plaintiffs assert that employers can be found liable for their failure to train, instruct, or supervise their employees engaged in such activities as the safe and appropriate handling of cargo; they argue that issues of fact exist as to whether it was necessary for Continental to so instruct its employees. The court agrees that issues of fact exist here, sufficient to require a plenary trial (Camarda v Summit Homes, 233 AD2d 285, 286; Shubert v Bennett Mfg. Co., 201 AD2d 285; Dupper v Conrail, 120 AD2d 638, 640).
Accordingly, Continental’s motion for summary judgment is denied in all respects.