■ KERI RUSCITO et al., Respondents, v RAYMOND EARLY, Appellant, et al., Defendant. [676 NYS2d 649] —In an action to recover damages for personal injuries, etc., the defendant Raymond Early appeals from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated June 3, 1997, as granted that branch of the plaintiffs' motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict in his favor as contrary to the weight of the evidence, and directed a new trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiffs were passengers in a car driven by their mother, Kathleen Ruscito, a defendant in this action. Ruscito stopped at a stop sign, looked both ways, and proceeded into the intersection when her car collided with a vehicle operated by the defendant Raymond Early. The jury returned a verdict in favor of both defendants and, upon a motion by the plaintiffs, the trial court set aside the verdict as contrary to the weight of the evidence and directed a new trial. Early appeals, contending that the verdict in his favor was supported by the evidence, and that under no circumstances should the verdict in his favor have been treated in the same manner as the verdict in favor of Ruscito.

We disagree. Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of

many factors (*see, Cohen v Hallmark Cards*, 45 NY2d 493). A jury verdict in favor of a defendant should not be set aside unless the jury could not have reached the verdict on any fair interpretation of the evidence (*Nicastro v Park*, 113 AD2d 129). We find that the trial court providently exercised its discretion in setting aside the jury verdict, as the jury could not have reached its verdict in favor of both defendants on any fair interpretation of the evidence. Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.