■ EUGENE WHITMORE et al., Plaintiffs, v ANTHONY RUSSO, INC., et al., Defendants, ARTOCK CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant. GREAT ATLANTIC & PACIFIC TEA COMPANY, Third-Party Defendant-Respondent. [699 NYS2d 57] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated August 26, 1998, which, upon reargument, granted the motion of the third-party defendant to dismiss the third-party complaint, which motion had previously been denied by order of the same court dated September 3, 1997.

Ordered that the order is reversed, on the law, with costs, and the motion for reargument is denied.

The Supreme Court erred in dismissing the third-party action pursuant to the Omnibus Worker's Compensation Reform Act (Workers' Compensation Law § 11, as amended by L 1996, ch 635) (hereinafter the Act). While the third-party action was commenced after the effective date of the Act, the main action was commenced by the plaintiffs before the effective date. Accordingly, the Act does not bar the third-party action (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 590; *see also, Browning v County Fence Co.,* 259 AD2d 578; *Esposito v Iko Excavation,* 258 AD2d 555; *Maher v Whitehead,* 254 AD2d 263; *Blessinger v Estee Lauder Cos.,* 246 AD2d 363; *Caponi v Great Atl. & Pac. Tea Co.,* 177 Misc 2d 47, 49). Friedmann, J. P., Florio, Schmidt and Smith, JJ., concur.