■ ELISA SALVIETERRA et al., Respondents, v MARY E. HAVEKOTTE et al., Appellants. [709 NYS2d 120] —In an action to

recover damages for personal injuries, etc., the defendants appeal from an amended judgment of the Supreme Court, Nassau County, (Honorof, J.), dated April 13, 1999, which, upon a jury verdict, is in favor of the plaintiff Elisa Salvieterra and against them in the principal sum of $323,000, and in favor of the plaintiff Nelson Zumaran and against them in the principal sum of $25,400.

Ordered that the amended judgment is affirmed, with costs.

The plaintiff Elisa Salvieterra, a housekeeper for the defendants, sustained second and third degree burns when they directed her to manually clean their self-cleaning oven. The defendants allegedly provided her with an old pair of gloves and "Easy-Off" oven cleaner which penetrated the gloves causing her injuries.

The defendants breached their duty to provide the injured plaintiff with a safe place to work by directing her to clean the oven with defective gloves (see, Adlam v Konvalinka, 291 NY 40). A reasonable inspection would have revealed that the gloves were not suited for the task (see, Adlam v Konvalinka, supra).

The trial court properly charged the jury with both assumption of risk and inherent compulsion. The plaintiff established that she was directed by her employer to do the act which caused her injury and that she was under an inherent compulsion to comply with that direction (see, Broderick v Cauldwell-Wingate Co., 301 NY 182). We further find that the dual jury charges of assumption of risk and inherent compulsion were proper and did not confuse the jury (see, Porter v Avlis Contr. Corp., 57 AD2d 222).

The jury's finding that the defendants were 100% at fault in the happening of the accident was not against the weight of the evidence (see, Ruscito v Early, 253 AD2d 461). In addition, the damages award did not deviate materially from what would be reasonable compensation (see, CPLR 5501; Donofrio v Montalbano, 240 AD2d 617). O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.