■ KEVIN K. LOPEZ et al., Plaintiffs, v WILLIAM B. KONAR ENTERPRISES et al., Defendants and Third-Party Plaintiffs-Appellants. HALLENBECK-RITZ, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) [710 NYS2d 221] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced an action against Xerox Corporation (Xerox) seeking damages for injuries sustained by Kevin K. Lopez (plaintiff) in a fall from a ladder. Xerox commenced a third-party action against plaintiff's employer, Hallenbeck-Ritz, Inc. (Hallenbeck). The action and third-party action were commenced prior to the effective date of the Omnibus Workers' Compensation Reform Act of 1996 ([Act] L 1996, ch 635, § 2). Plaintiffs thereafter commenced a separate action against William B. Konar Enterprises (Konar) and Wilson Enterprises (Wilson) after the effective date of the Act, and Konar and Wilson commenced the subject third-party action against Hallenbeck seeking common-law indemnification. After Supreme Court consolidated plaintiffs' main actions, plaintiffs discontinued the action against Xerox. Konar and Wilson moved for summary judgment on the third-party complaint, and Hallenbeck cross-moved for summary judgment dismissing the third-party complaint on the ground that the third-party action of Konar and Wilson was barred by Workers' Compensation Law § 11, as amended by the Act.

Supreme Court properly granted Hallenbeck's cross motion. Workers' Compensation Law § 11 (unnumbered para 3) provides that an employer shall not be liable for contribution or indemnity to any third person based on liability for injuries

sustained by an employee acting within the scope of his or her employment unless such third person proves that the employee has sustained grave injury. The Act applies prospectively to actions filed after its enactment (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577, 581) and thus applies to bar the third-party action in this case.

The court erred, however, in denying plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) cause of action. Plaintiffs established a prima facie case with respect to liability, and defendants failed to raise a triable issue of fact with respect to proximate cause (*see, Felker v Corning Inc.,* 90 NY2d 219, 224) and the recalcitrant worker defense (*see, Fichter v Smith,* 259 AD2d 1023, *lv dismissed in part and denied in part* 93 NY2d 994). Thus, we modify the order in appeal No. 2 by granting plaintiffs' motion. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Green, J. P., Wisner, Hurlbutt and Balio, JJ.