■ Matthew Williams, Plaintiff, v Irene Bonowicz et al., Defendants and Third-Party Plaintiffs-Respondents. Deluxe Ambulette, Inc., Third-Party Defendant-Appellant. [745 NYS2d 58] —In an action to recover damages for personal injuries, the third-party defendant, Deluxe Ambulette, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated April 18, 2001, as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, an employee of the third-party defendant-appellant, Deluxe Ambulette, Inc. (hereinafter Deluxe), was allegedly injured at the home of the defendant Irene Bonowicz (hereinafter Bonowicz) while he was transporting her husband in a wheelchair down the front steps. The plaintiff commenced this action in 1994 against Bonowicz, personally and as the representative of her husband's estate. Bonowicz then commenced a third-party action against Deluxe, inter alia, for contribution.

The Supreme Court properly denied the motion by Deluxe for summary judgment dismissing the third-party complaint. Although Deluxe established its prima facie entitlement to summary judgment, the evidence presented by Bonowicz in opposition to the motion was sufficient to demonstrate that there are triable issues of fact with respect to her claim for contribution. The plaintiff's deposition testimony supports Bonowicz's contention that Deluxe was negligent in directing the plaintiff's work and that the plaintiff was under inherent compulsion to comply with that direction (*see Salvieterra v Havekotte*, 273 AD2d 218; *Kozerski v Deer Run Homeowners Assn.*, 217 AD2d 841; *see also Maddox v City of New York*, 66 NY2d 270, 279; *Broderick v Cauldwell-Wingate Co.*, 301 NY 182, 188). The conflicting deposition testimony concerning the incident presents credibility issues for the jury (*see Scott v Long Is. Power Auth.*, 294 AD2d 348).

Deluxe's contention that the third-party action is barred by Workers' Compensation Law § 11 is without merit. The amendment to that section, which precludes recovery in a third-party action for contribution against an employer except in limited circumstances, became effective in 1996 and does not apply to actions which were pending on the effective date of the amend-

ment (*see Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577).

The parties' remaining contentions are without merit. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.