OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, unanimously reversed without costs, and second third-party plaintiffs motion for summary judgment denied.
Plaintiff Elpidio Marte allegedly sustained injuries in the course of his employment with second third-party defendant J&P Construction, Inc. (hereinafter J&P) when a cart containing sheetrock struck a chair he was standing on, while he was performing renovation work at premises owned by defendant and second third-party plaintiff Williamsburg Prep Center, Inc. (hereinafter Williamsburg). On March 11, 1996, plaintiffs commenced a personal injury action against defendants Mr. Natural, Inc., and Snapple Distribution Company, Inc., lessees of the subject premises, and Snapple Beverage Corp. The action against Snapple Beverage Corp. was discontinued by order of the court upon consent of the parties. On or about September 26, 1997, plaintiffs served a supplemental summons and amended verified complaint naming Williamsburg as an additional defendant pursuant to a prior 1997 order granting them permission to add said defendant. Williamsburg thereafter commenced a second third-party action against J&P and moved for summary judgment on its claim for common-law indemnification. The court below granted the motion based on its determination that Williamsburg’s claim was not barred under the amendment of Workers’ Compensation Law § 11 since “the action was commenced prior to the effective date of the amendment.” We reverse.
Workers’ Compensation Law § 11, as amended by the Omnibus Workers’ Compensation Reform Act of 1996 (L 1996, ch 635, § 2), exempts an employer from liability “for contribution or indemnity to any third person * * * for injuries sustained by an employee acting within the scope of his or her *664 employment * * * unless such third person proves through competent medical evidence that such employee has sustained a ‘grave injury’ The legislative amendment applies prospectively to actions commenced against third parties after September 10, 1996, the effective date of the amendment (see, Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 590).
The commencement of plaintiffs’ action against Williams-burg, a “third person” within the meaning of the amended statute, was effectuated by service of the supplemental summons and amended verified complaint on or about September 26, 1997, and is therefore subject to the legislative amendment. Contrary to the trial court’s determination, until the date of such service, there was no personal injury action commenced or pending against Williamsburg. The applicability of the statute is in no way altered by the fact that plaintiffs elected to commence the action against Williamsburg by service of a supplemental summons in the original action, rather than employing the alternative method of commencing an independent action and then moving to consolidate the cases (see, Lopez v Konar Enters., 273 AD2d 796).
Accordingly, Williamsburg, as the proponent of the motion for summary judgment on its claim for indemnification against J&P, was required to make a prima facie showing that plaintiff sustained “grave injury” within the meaning of Workers’ Compensation Law § 11 (cf., Fitzpatrick v Chase Manhattan Bank, 285 AD2d 487). Williamsburg failed to meet this initial burden. Accordingly, its motion for summary judgment should have been denied.
Patterson, J.P., Golia and Rios, JJ., concur.