■ John Hundley et al., Respondents, v Prince Street Associates, Respondent, and Gordon Construction, Inc., Defendant and Third-Party Plaintiff-Appellant. R. Smith Restoration, Inc., Third-Party Defendant-Appellant; Eagle Contracting Company, Third-Party Defendant-Respondent. [762 NYS2d 272] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Gordon Construction, Inc., appeals, as limited by its brief, from so

much of an order of the Supreme Court, Kings County (Pincus, J.), entered October 16, 2001, as (a) granted those branches of the motion of the defendant Prince Street Associates which were for summary judgment (i) dismissing the plaintiffs' Labor Law § 200 and negligence claims insofar as asserted against that defendant, and (ii) on the cross claim of the defendant Prince Street Associates for contractual indemnification against it, and (b) denied those branches of its motion which were for summary judgment dismissing the common-law indemnification claim of the defendant Prince Street Associates insofar as asserted against it, and for summary judgment on its cause of action for common-law indemnification against the third-party defendant Eagle Contracting Company, and the third-party defendant R. Smith Restoration, Inc., separately appeals, as limited by its brief, from so much of the same order as granted those branches of the motion of the defendant Prince Street Associates which were for summary judgment dismissing the plaintiffs' negligence and Labor Law § 200 claims insofar as asserted against that defendant.

Ordered that the appeal by the defendant third-party plaintiff Gordon Construction, Inc., from so much of the order as granted that branch of the motion of the defendant Prince Street Associates which was for summary judgment dismissing the Labor Law § 200 and negligence claims insofar as asserted against that defendant is dismissed, as it is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the appeal by the third-party defendant R. Smith Restoration, Inc., is dismissed, without costs or disbursements, as it is not aggrieved by the portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Prince Street Associates payable by the appellants.

The injured plaintiff, John Hundley, was employed by the third-party defendant Eagle Contracting Company (hereinafter Eagle) as its head foreman for a roofing project being performed on a building owned by the defendant Prince Street Associates (hereinafter Prince). The defendant third-party plaintiff Gordon Construction, Inc. (hereinafter Gordon), was the general contractor hired to renovate the entire building. Gordon subcontracted the installation of a new roof to the third-party defendant R. Smith Restoration, Inc. (hereafter Smith). In turn, Smith subcontracted the installation of the roof membrane to Eagle. While descending from the building's roof, the

injured plaintiff fell from a ladder which allegedly was missing a step.

Prince was entitled to summary judgment on its cross claim against Gordon for contractual indemnification. Prince made out a prima facie case for summary judgment by demonstrating that it was not negligent. In opposition, Gordon failed to raise a triable issue of fact (*see Pope v Supreme-K.R.W. Constr. Corp.*, 261 AD2d 523, 524-525 [1999]).

With respect to that branch of Gordon's motion which was for summary judgment on its claim for common-law indemnification against Eagle, we note that the Supreme Court correctly denied that branch of the motion, but for the wrong reason. Specifically, the Supreme Court erroneously determined that Gordon's common-law indemnification claim against Eagle was barred by the Omnibus Workers' Compensation Reform Act (Workers' Compensation Law § 11, as amended by L 1996, ch 635 [hereinafter the Act]). While the third-party action was commenced after the effective date of the Act, the plaintiffs commenced the main action before the effective date. Accordingly, the Act does not bar the claim (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 590 [1998]; *see also Whitmore v Anthony Russo, Inc.*, 266 AD2d 282 [1999]). Nevertheless, Gordon is not entitled to summary judgment on this claim since questions of fact exist as to the extent to which Gordon exercised direction and control over the work performed by the injured plaintiff (*see Hernandez v Two E. End Ave. Apt. Corp.*, 271 AD2d 570 [2000]; *see also Dawson v Pavarini Constr. Co.*, 228 AD2d 466, 468 [1996]). For the same reason, Gordon is not entitled to summary judgment dismissing Prince's common-law indemnification claim insofar as asserted against it, and thus, the Supreme Court correctly denied that branch of its motion.

The parties' remaining contentions either are unpreserved for appellate review or without merit. Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.