[801 NYS2d 50]

Wojciech Dudek et al., Respondents, v Metropolitan Transportation Authority of State of New York et al., Defendants and Third-Party Plaintiffs-Respondents, and Leadcare, Inc., Also Known as Lead Abatement Monitoring & Design Services, Defendant and Third-Party Defendant and Second Third-Party Plaintiff-Respondent. Safeway Environmental Corp., Second Third-Party Defendant-Appellant.

Second Department, September 6, 2005

### APPEARANCES OF COUNSEL

*Douglas J. Hayden*, New York City (*Peter J. Madison* and *Michael J. Hutter* of counsel), for second third-party defendant-appellant.

*Bauman & Kunkis, P.C.*, New York City (*Jay L. T. Breakstone* of counsel), for plaintiffs-respondents.

*Babchik & Young, LLP*, White Plains (*Jordan Sklar* and *Jack Babchik* of counsel), for defendants and third-party plaintiffs-respondents.

*Marshall, Conway & Wright, P.C.* (*Mauro Goldberg & Lilling, LLP*, Great Neck [*Caryn L. Lilling* and *Anthony F. DeStefano*] of counsel), for defendant and third-party defendant and second third-party plaintiff-respondent.

### OPINION OF THE COURT

COZIER, J.P.

On September 10, 1996, Workers' Compensation Law § 11 was amended by the Omnibus Workers' Compensation Reform Act (L 1996, ch 635, § 2 [hereinafter the Act]) to restrict contribution and common-law indemnification claims against employers to cases where an employee suffers a "grave injury." The issue on this appeal is whether, in a workplace accident personal injury action commenced before the effective date of the Act, and in which action the defendants implead a nonemployer as a third-party defendant after the effective date of the Act, the "grave injury" requirement is applicable to a second third-party action commenced by the defendant and third-party defendant/second third-party plaintiff against the injured plaintiff's employer. We hold that the "grave injury" requirement is inapplicable to third-party actions in which the underlying or main action was commenced before the effective date of the Act, and that the second third-party action herein is derivative of the first third-party action, which arose from the underlying or main action.

### Procedural History

On August 21, 1995, the plaintiff Wojciech Dudek (hereinafter the plaintiff) was injured during the course of his employment with the second third-party defendant, Safeway Environmental Corp. (hereinafter Safeway), while he was removing lead paint

from a facility owned and operated by the defendants and third-party plaintiffs, Metropolitan Transportation Authority (hereinafter the MTA) and Metro-North Commuter Railroad Company (hereinafter Metro-North). At the time of the accident, the plaintiff, who was not wearing goggles or other protective eyewear, was using a caustic substance which came into contact with his left eye, causing blindness in that eye.

Thereafter, on July 17, 1996, the plaintiff and his wife (hereinafter the plaintiffs) commenced an action to recover damages for personal injuries in the Supreme Court, Dutchess County, against the MTA and Metro-North, alleging, among other things, negligence and a violation of Labor Law § 241 (6) (hereinafter the underlying action). In May 1997 the MTA and Metro-North commenced a third-party action by impleading the defendant and third-party defendant/second third-party plaintiff, Leadcare, Inc., also known as Lead Abatement Monitoring & Design Services (hereinafter Leadcare) seeking, inter alia, contractual indemnification. Leadcare entered into a contract with the MTA and Metro-North to supervise lead-abatement work at the accident site, and Leadcare contracted with the appellant Safeway to provide lead-paint removal services at such location.

In July 1998 the plaintiffs commenced a separate action to recover damages for personal injuries against Leadcare in the Supreme Court, Kings County (hereinafter the Leadcare action), rather than amending the complaint in the underlying action to assert a direct claim against Leadcare. The underlying action and the Leadcare action were consolidated in the Supreme Court, Dutchess County, and the caption was amended naming the MTA, Metro-North, and Leadcare as codefendants in the consolidated action (hereinafter the consolidated action). However, the order consolidating the Leadcare action and the underlying action made no specific reference to the third-party action that the MTA and Metro-North had commenced against Leadcare.

In May 1999 Leadcare, as the third-party defendant in the underlying action, commenced a second third-party action against Safeway, seeking contribution and indemnification in the event that the plaintiffs recovered against it. However, neither the MTA nor Metro-North asserted a claim against Safeway for contribution or indemnification, as the MTA and Metro-North were coinsureds with Safeway under an insurance policy purchased by Safeway.

Thereafter, the MTA and Metro-North moved for summary judgment on their third-party action against Leadcare for indemnification in the event that the plaintiffs recovered against them in the underlying action, and the Supreme Court, Dutchess County (Hillery, J.) granted the motion.

A jury trial was held on the issue of liability, and at the close of the plaintiffs' case, the trial court granted Leadcare's motion to dismiss all of the plaintiffs' direct claims insofar as asserted against it. In addition, Leadcare moved at the close of the plaintiffs' case for judgment as a matter of law on its cause of action against Safeway for common-law indemnification, and the trial court granted that motion.

Safeway also moved, inter alia, to dismiss the second third-party action, arguing, among other things, that the Act barred such action to the extent that it derived from the Leadcare action, which was commenced in July 1998, after the effective date of the Act. The Act, effective on September 10, 1996, amended Workers' Compensation Law § 11 by removing an employer's liability to any party for contribution or common-law indemnification unless the injured employee suffered a "grave injury." The trial court determined that Workers' Compensation Law § 11, as amended, was inapplicable, and that Leadcare was not required to demonstrate that the plaintiff sustained a grave injury in order to recover on its cause of action against Safeway for common-law indemnification.

At the conclusion of the trial, the jury returned a verdict finding that Safeway was negligent in failing to provide those workers who handled caustic substances with goggles and protective eyewear in violation of 12 NYCRR 23-1.8 (a) and (c) (4), and that such negligence was a proximate cause of the plaintiff's injuries. Further, the jury determined that the plaintiff was also negligent and 20% at fault, while Safeway was 80% at fault in the happening of the accident. Thereafter, a jury trial was held on the issue of damages, and the jury returned a verdict in favor of the plaintiffs. The Supreme Court entered judgment in favor of the plaintiffs and against the MTA and Metro-North, and in favor of the MTA and Metro-North against Leadcare on the causes of action for common-law and contractual indemnification. Further, the Supreme Court entered judgment in favor of Leadcare against Safeway on its cause of action for common-law indemnification.

## Discussion

On appeal, Safeway argues that Workers' Compensation Law § 11, as amended, is applicable to Leadcare's cause of action against it for common-law indemnification and, therefore, that cause of action is barred since the plaintiff did not sustain a "grave injury." Particularly, Safeway contends that Leadcare only sought common-law indemnification against it in connection with the plaintiff's accident, and since the plaintiffs commenced a direct action against Leadcare in July 1998, after the effective date of the Act, the second third-party action is subject to the "grave injury" requirement.

However, Leadcare, the MTA, Metro-North, and the plaintiffs all assert that although only the MTA and Metro-North were joined as defendants before the Act's September 10, 1996, effective date, the July 17, 1996, commencement date of the underlying action against the MTA and Metro-North is the relevant date for determining whether the amendment is applicable, regardless of whether Leadcare was joined as a defendant or a third-party defendant after that date. Therefore, they argue that to the extent that the underlying action was commenced against the MTA and Metro-North before the Act's effective date, the Act and the "grave injury" requirement is inapplicable to the second third-party action.

Workers' Compensation Law § 11, as amended, provides, in pertinent part, that:

> "[a]n *employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee* acting within the scope of his or her employment for such employer *unless such third person proves through competent medical evidence that such employee has sustained a 'grave injury'* which shall mean only one or more of the following: death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability." (Emphasis added.)

In *Majewski v Broadalbin-Perth Cent. School Dist.* (91 NY2d 577 [1998]), the Court of Appeals held that the Act was to be

applied prospectively, and that the relevant date for determining when the Act was to be applied was the date that the main action was commenced. The Supreme Court in *Majewski* granted the motion of the plaintiff's employer for summary judgment dismissing the third-party complaint seeking contribution and indemnification on the ground that it was barred by the Act, and that the Act was to be applied retroactively. However, the Court of Appeals concluded that irrespective of the date of the accident, the Act was to be applied prospectively, consistent with its legislative intent.

Pursuant to the 1996 amendment to Workers' Compensation Law § 11, an employer may only be held liable for contribution or indemnification if the employee has sustained a grave injury (*see* Workers' Compensation Law § 11; *Majewski v Broadalbin-Perth Cent. School Dist., supra; Blackburn v Wysong & Miles Co.*, 11 AD3d 421, 422 [2004]).

The remaining issue to be addressed is whether the Act is applicable to the second third-party action where the main action was commenced against the MTA and Metro-North before September 10, 1996, but where Leadcare was not named in the underlying action as a party-defendant but rather as a third-party defendant after September 10, 1996, and did not commence its second third-party action against the plaintiff's employer until after the effective date of the Act.

According to Safeway, the applicable date in determining whether a third-party action will be subject to the "grave injury" requirement pursuant to *Majewski* is the date when the plaintiff commences an action against the *same defendant* who then commences a third-party action. As such, Safeway maintains that the "grave injury" requirement is applicable to the second third-party action since there was no action pending against Leadcare as a party defendant prior to September 10, 1996.

However, contrary to Safeway's contention, pursuant to *Majewski*, the "grave injury" requirement is applicable only to actions commenced by a plaintiff-employee against third parties after September 10, 1996. Applying *Majewski*, the courts in this department have unanimously ruled that where the underlying or main action was commenced before September 10, 1996, the "grave injury" requirement is inapplicable to any third-party claim interposed by a timely-joined defendant, even if the third-party action was commenced after the effective date of the Act (*see Hundley v Prince St. Assoc.*, 307 AD2d 252, 254 [2003]; *Wil-*

*liams v Bonowicz*, 296 AD2d 401 [2002]; *Whitmore v Anthony Russo, Inc.*, 266 AD2d 282 [1999]; *Esposito v Bob Iko Excavation*, 258 AD2d 555 [1999]; *Maher v Whitehead*, 254 AD2d 263 [1998]).

We note that in *Majewski*, the plaintiff commenced an action against the named party defendant before September 10, 1996, and the defendant (third-party plaintiff) subsequently impleaded the plaintiff's employer before that date. In contrast, Leadcare, not named in the underlying action as a party defendant but rather only as a third-party defendant, did not implead the injured plaintiff's employer in the second third-party action until after September 10, 1996.

Leadcare was vicariously liable to the MTA and Metro-North as a result of its contractual relationship with such parties, and not as a result of the plaintiffs' direct claims against Leadcare, which were dismissed as Leadcare did not commit any negligent acts. Here, there is a direct relationship between the MTA and Metro-North's liability to the plaintiffs, as well as Leadcare's liability to the MTA and Metro-North for contractual indemnification, and Safeway's liability to Leadcare for common-law indemnification. Accordingly, we find that Safeway's liability to Leadcare for common-law indemnification must be measured from July 17, 1996, the date that the underlying action was commenced, as such liability is derivative of the underlying action, which was commenced before the effective date of the Act.

Contrary to Safeway's contention, this Court's decision in *Ibarra v Equipment Control* (268 AD2d 13 [2000]) is inapplicable to the facts of this case. We determined in *Ibarra*, inter alia, that the Act was applicable where the main action was commenced after its effective date. In contrast to *Ibarra*, the underlying action herein was commenced before September 10, 1996.

Similarly misplaced is Safeway's reliance upon the decision of the Appellate Term, Second and Eleventh Judicial Districts, in *Marte v Snapple Beverage Corp.* (193 Misc 2d 662 [2002]). In *Marte*, the Appellate Term determined that although the original personal injury action was commenced before the effective date of the amended statute, the statute was nonetheless applicable to the second third-party action commenced by the defendant property owner where the plaintiff amended the summons and complaint after September 10, 1996, by naming the defendant property owner as an additional defendant.

Particularly, the Appellate Term in *Marte* determined that no personal injury action had been commenced or was pending

against the defendant property owner until it was served with the supplemental summons and complaint in September 1997. However, the instant second third-party action was derivative of the underlying action, which was commenced before the effective date of the Act.

Consequently, we conclude that the "grave injury" requirement is inapplicable to the second third-party action where the underlying action was commenced before the effective date of the Act, and the second third-party plaintiff, not named in the underlying action as a party defendant but rather as a third-party defendant, did not implead the plaintiff's employer until after the effective date of the Act, as the second third-party action is derivative of the third-party action, which arose from the underlying action (*see generally Majewski v Broadalbin-Perth Cent. School Dist., supra; Hundley v Prince St. Assoc., supra; Williams v Bonowicz, supra; Whitmore v Anthony Russo, Inc., supra; Esposito v Bob Iko Excavation, supra; Maher v Whitehead, supra; cf. McDermott v Presbyterian Congregation of Bethlehem,* 275 AD2d 305 [2000]; *Ibarra v Equipment Control, supra*).

The appellant's remaining contentions are without merit.

Therefore, the second amended judgment should be affirmed insofar as appealed from.

RITTER, LUCIANO and LIFSON, JJ., concur.

Ordered that the second amended judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.