*655 OPINION OF THE COURT
Frederick J. Marshall, J.
In this case of first impression, the court is asked to decide whether a federal law barring vicarious liability lawsuits against motor vehicle leasing companies applies to a leasing company that was added as a defendant after the effective date of the statute in a case which was initially commenced prior to the effective date.
Facts
The plaintiff, Lisa A. Leuchner, alleges that she was injured in a motor vehicle accident which occurred on December 26, 2002 in Amherst, New York. On September 1, 2004 she commenced an action against the driver, Yvonne Cavanaugh and the reputed owner, Jeffrey Cavanaugh. Subsequently, counsel for plaintiff learned that the automobile driven by the defendant Yvonne Cavanaugh was, in fact, owned by Vaul Trust, a motor vehicle leasing company.
Thereafter, Congress enacted the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users and specifically, the “Graves Amendment,” which was codified as 49 USC § 30106 and became effective on August 10, 2005.
This law declares that leasing companies shall not be held vicariously liable under any state law for damage sustained in a motor vehicle accident. In effect, the law preempts Vehicle and Traffic Law § 388 which expressly provides that leasing companies, as owners, are vicariously liable for the negligence of a driver.
On August 29, 2005 plaintiff brought a motion before the court to add Vaul Trust as a party defendant. The motion was granted by the court and an order permitting Vaul Trust to be added as a party defendant was granted on October 18, 2005.
On November 10, 2005 plaintiff filed a supplemental summons and amended complaint with the Erie County Clerk and Vaul Trust was served as an additional defendant. In its answer, Vaul Trust, inter alia, asserted 49 USC § 30106 as an affirmative defense and by notice of motion dated June 6, 2006 moved to dismiss plaintiffs claims against Vaul Trust.
Discussion
It is the contention of Vaul Trust that 49 USC § 30106 acts as a complete bar to plaintiffs claim against it. Subdivision (a) of 49 USC § 30106 reads as follows:
*656 “(a) In general. — Aji owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-
“(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
“(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).”
Subdivision (c) of 49 USC § 30106 reads as follows:
“(c) Applicability and effective date.-Notwithstanding any other provision of law, this section shall apply with respect to any action commenced on or after the date of enactment of this section [Aug. 10, 2005] without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before such date of enactment.”
Vaul Trust reasons that, since the supplemental summons and amended complaint were filed on November 10, 2005, the action against it was commenced on that date, three months after the effective date of the statute, and therefore, no vicarious liability may attach and plaintiffs claim against it should be dismissed. The fact that the plaintiff commenced her original lawsuit prior to the effective date should have no significance according to Vaul Trust.
Plaintiff contends that her action against Vaul Trust “relates back” to the original filing date of the summons and complaint on September 1, 2004 and that her cause of action against Vaul Trust is not affected by 49 USC § 30106.
This court agrees with plaintiff but not for the reasons set forth in her counsel’s affidavit. Plaintiffs counsel argues that CPLR 203 (c) is applicable to this situation. That section permits a claim to be interposed against a codefendant united in interest with a defendant, even though the statute of limitations has expired as against the codefendant. (CPLR 203 [c].) However, it is plain that the application of CPLR 203 (c) is limited to claims which would ordinarily be barred by the statute of limitations and not to other situations such as the one present here. Here, *657 no statute of limitations defense is asserted. Instead, Vaul Trust relies on a federal statute that, if applicable, would be a complete bar to liability.
But the court’s inquiry must not end there. It is incumbent upon the court, when interpreting a statute, to look first to the text of the statute as the best evidence of legislative intent. (Matter of Theroux v Reilly, 1 NY3d 232 [2003].) “As a general rule, unambiguous language of a statute is alone determinative” (Riley v County of Broome, 95 NY2d 455, 463 [2000] [citation omitted]).
Congress provided that 49 USC § 30106 “shall apply with respect to any action commenced on or after the date of enactment” (49 USC § 30106 [c]). In New York State, an action is commenced by the filing of a summons and complaint or summons with notice. (CPLR 304.) Plaintiff claims that its lawsuit was commenced on September 1, 2004, well before the effective date of the statute. Vaul Trust claims that the lawsuit against it was commenced on November 10, 2005, three months after the effective date of the statute. In drafting the language of the statute, Congress did not specify exactly what it meant by “any action commenced.” Whether it was referring specifically to an action against a leasing company or was referring in more general terms to a plaintiffs lawsuit for damages arising from a motor vehicle accident is unknown. Congress could have specified which of these meanings it intended to convey, but failed to do so in the statute. The court could find no legislative history or other evidence of legislative intent that would shed any light on these conflicting interpretations.
To resolve the dispute, the court has turned to a case involving an analogous set of facts involving the “grave injury” requirement of Workers’ Compensation Law § 11, as amended by the Omnibus Workers’ Compensation Reform Act of 1996 (L 1996, ch 635, § 2). The applicability of that statute was examined in Dudek v Metropolitan Transp. Auth. of State of N.Y. (24 AD3d 21 [2d Dept 2005], lv denied 6 NY3d 701 [2005]).
The Court, in Dudek, pointed out that the “grave injury” requirement of Workers’ Compensation Law § 11 was to be applied prospectively to actions filed after its enactment. (See Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577 [1998].) While the Court of Appeals ruling was based upon statutory interpretation, it bears a striking resemblance to the prospective application language found in 49 USC § 30106 (c). After examining Majewski and its progeny, the Second Department held that
*658 “the ‘grave injury’ requirement is inapplicable to [a] second third-party action where the underlying action- was commenced before the effective date of the Act, and the second third-party plaintiff, not named in the underlying action as a party defendant but rather as a third-party defendant, did not implead the plaintiffs employer until after the effective date of the Act, as the second third-party action is derivative of the third-party action, which arose from the underlying action.” (Dudek v Metropolitan Transp. Auth., supra at 28 [citations omitted].)
In effect, the Court ruled that the impleader of the plaintiffs employer “related back” to the date the underlying action was commenced and that the “grave injury” requirement was inapplicable as to plaintiffs employer even though the impleader took place after the effective date of the act. In its decision, the Court stressed the derivative nature of the second third-party action.
It is not in dispute that the claim asserted against Vaul Trust is vicarious to the underlying claim brought by plaintiff against the defendant driver. (Vehicle and Traffic Law § 388.) As such, it is derivative of the underlying claim. (Albarran v City of New York, 56 AD2d 822 [1st Dept 1977]; Padlo v Spoor, 90 Misc 2d 1002 [Sup Ct, Erie County 1977].)
Since plaintiffs claim against Vaul Trust is derivative of the underlying claim, the date of commencement of the underlying action, September 1, 2004, is the date against which plaintiffs right to sue Vaul Trust should be measured and 49 USC § 30106 does not apply.
Accordingly, the motion by defendant, Vaul Trust, for summary judgment dismissing plaintiffs action is denied.